O

# THE CHICAGO AND IOWA RAILROAD COMPANY

*v.*

## WILLIAM BAKER.

1. DEFAULT—*what it admits, in trespass.* A default in trespass *quare clausum fregit* admits a trespass, but does not entitle the plaintiff to more than nominal damages. It admits only the traversable allegations in the declaration, but circumstances of aggravation are not traversable.

2. SAME—*defendant's right to cross-examine.* Where the plaintiff, on the assessment of damages on a default in trespass, gives evidence with a view of aggravating the damages, the defendant may cross-examine to counteract the effect of such testimony.

3. EXEMPLARY DAMAGES—*in trespass.* If a plaintiff claims exemplary damages in trespass *quare clausum fregit* on an assessment upon a default, he should give in evidence the circumstances which accompanied and gave character to the trespass, showing the acts complained of to have been malicious or oppressive.

4. MEASURE OF DAMAGES—*taking land for right of way.* Where a railway corporation constructs its road over the land of another without condemnation or right, the measure of damages will be the amount of the injury directly resulting from the act complained of, where no malice or oppression is shown, or, in other words, the difference between the value of the land when the injury began, and such value as affected by it.

APPEAL from the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. CHARLES KELLUM, for the appellant.

Mr. R. L. DIVINE, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was an action of trespass *quare clausum fregit*, brought in the DeKalb circuit court, by appellee against appellant, and judgment *nil dicit* entered against the latter for want of plea. On the assessment of damages before the court and a jury, the plaintiff, introducing no evidence of circumstances of aggravation, which would lay the proper foundation for vindictive damages, but assuming that all such were admitted by the default, asked, and the court instructed the jury, that if they believed, from the testimony, the trespasses complained of were wilfully committed by the defendant, then, as to such trespasses so wilfully committed, the jury might give exemplary damages, in their discretion, beyond the actual damages sustained by the plaintiff.

A default in such an action as this admits a trespass, but does not entitle the plaintiff to any thing more than nominal damages. It admits only the traversable allegations in the declaration, but circumstances of aggravation are not traversable. They are not, therefore, admitted by the default. *Bates* v. *Loomis*, 5 Wend. 134.

The trespass complained of was, the entry upon plaintiff's land and constructing a railroad across it. He was at liberty, and it was necessary, if he claimed any thing beyond the actual damages, to give in evidence the circumstances which accompanied and gave character to the trespass. Then, if it appeared that the act was malicious or oppressive, exemplary damages might be recovered. Sedg. on Dam. (6th Ed.) 150; *Harvey* v. *Thomas*, 10 Watts, 63.

Plaintiff gave evidence tending to show actual damage, but laid no foundation, by evidence, for exemplary damages, and matters of aggravation not being admitted by the default, it was improper to instruct the jury that they might give exemplary damages.

When plaintiff comes to give evidence of circumstances accompanying the entry upon his land, with the view of aggravating the damages, or to entitle him to exemplary damages, then we think it would be admissible for the defendant, by cross-examination of plaintiff or his witnesses, in that behalf, to counteract the effect of such circumstances, by showing the actual circumstances under which the entry was made.

The evidence as to the nature and extent of the trespass, shows an injury to plaintiff's freehold. The measure of damages, therefore, would be the amount of injury directly resulting from the act complained of, or, in other words, the difference between the value of the freehold when the injury began, and such value as affected by it. Sedg. on Dam. 149.

The judgment of the court below will be reversed and the cause remanded.

*Judgment reversed.*