Louisville, Evansville and St. Louis Consolidated R. R. Co.

*v.*

Nathaniel W. Spencer.

*Filed at Mt. Vernon January 16, 1894.*

1. Negligence—*escape of fire from passing locomotive—evidence of negligence.* By the act of March 29, 1869, relating to fires caused by locomotives, the mere fact that the fire is communicated from the locomotive is made "full *prima facie* evidence" to charge a railroad company with negligence.

2. Same—*whether presumption of negligence is rebutted, is a question of fact.* The question whether the defendant's evidence is sufficient to rebut the *prima facie* proof of negligence arising from the fact that fire was communicated from the engine, is clearly one of fact, as to which the judgment of the Appellate Court is conclusive.

3. Same—*allowing fire to escape from a locomotive—evidence of negligence.* In an action against a railway company to recover damages for negligence in allowing fire to escape from a locomotive, the court, at the request of the plaintiff, instructed the jury, that if they believed, from the evidence, that the fire in question was communicated from

the engine then in the care and management of the defendant, while upon and passing along the railroad in question, whereby the plaintiff's property was injured, "then the fact that said fire was so communicated is full *prima facie* evidence to charge the defendant with negligence on account of the condition of said engine, or the manner in which said engine was operated at the time said fire was so communicated :" *Held*, that the instruction stated correctly the rule of law established by the act of 1869.

4. Same—*instruction as to negligence in allowing fire to escape.* In such a case, the plaintiff is not required to insert in the instruction a statement of the facts which defendant's evidence tended to prove, and which, if proved, would have had the effect of rebutting the *prima facie* case of negligence, and have the jury instructed that the plaintiff's *prima facie* case might thus be overcome.

5. All the plaintiff is bound to do in such an action is to make out a *prima facie* case, and that case, unless met by proof sufficient to rebut it, will entitle him to a verdict. It is for the defendant to present his or its defense, both by evidence and instructions to the jury ; and if there is danger that the jury may overlook or misapprehend the force of the evidence given in defense, it is for the defendant to guard against such result by submitting proper instructions to be given in his own behalf.

6. Real estate—*fruit trees, etc., a part of the freehold.* Fruit trees, berry bushes, etc., standing and growing upon land, are, at least as between the owner of the land and a mere tort feasor, real property and a part of the freehold, and an allegation of a tortious injury to or destruction of such growing trees or bushes is, *ex vi termini*, an allegation of an injury to the freehold.

7. Evidence — *admissibility under the pleading — variance.* In an action by a land owner against a railway company to recover damages from a fire caused by the emission of sparks from a passing engine, the declaration alleged the destruction of plaintiff's fruit trees on the land, and the plaintiff was allowed to prove the value of his land before and after the fire, which was objected to as variant from the allegations of the declaration : *Held*, that the evidence was properly admitted.

8. Measure of damages—*in an action for an injury to land by burning and destroying fruit trees, etc.* In an action by a land owner against a railroad company to recover damages for the burning and destruction of fruit trees and bushes growing on the land, the court, by an instruction, held that the measure of damages was the difference in value of the land before and after the fire, and stated that in determining its value before the fire the jury might take into consideration the character of the soil, its state of cultivation, the kind and quality of the trees and fruits thereon, the age of the trees and fruit bushes, and the injury caused by the fire, if any, to the trees and bushes : *Held*, that there was no error in the instruction.

9. SAME—*whether excessive, a question of fact.* The question of the amount of damages proved in an action for negligence is a question of fact, and the decision in respect thereto by the Appellate Court is conclusive on this court.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. IGLEHART & TAYLOR, and Messrs. W. & E. L. STOKER, for the plaintiff in error.

Mr. FRANK F. NOLEMAN, and Mr. S. L. DWIGHT, for the defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action on the case, brought by Nathaniel W. Spencer against the Louisville, Evansville and St. Louis Consolidated Railroad Company, to recover damages to the plaintiff's property by fire, set from sparks or coals escaping from one of the defendant's locomotive engines. The declaration contains four counts. The first count alleges that, on December 1, 1891, the plaintiff was the owner and in possession of a certain tract of land in Marion county, (describing it,) containing ten acres, upon which were standing and growing nine hundred bearing apple-trees, five bearing cherry-trees, two acres of red raspberries, one-half acre of black raspberries, one-half acre of blackberries, one-fifth of an acre of strawberries, some gooseberries, thirty rods of growing hedge fence, and one ton of hay in stack; that the defendant was then possessed of, using and operating a railroad running through Marion county and within about sixty rods of the plaintiff's land, the intervening land consisting of a meadow in the possession of one Hester; that it was the duty of the defendant to so operate its railroad that fire would not escape from its locomotive engines to the adjoining land of Hester, and thence spread and be communicated to the premises of

the plaintiff; yet the defendant, not regarding its duty, negligently suffered and permitted fire to escape from one of its locomotive engines, and to fall upon the land of Hester and set fire to the meadow, by means whereof the fire spread and was communicated to the premises of the plaintiff, and thereby his apple-trees, cherry-trees, raspberries, blackberries, strawberries, gooseberries, hedge fence and hay, being of the value of $9000, were burned, destroyed and wholly lost to the plaintiff.

The second count is substantially like the first. The third count is also like the first, except that it also enumerates among the fruit-trees standing and growing on the land, ten peach-trees, and also alleges that there was scattered on the .land a large quantity of manure and mulching, used in and about the cultivation, growth and protection of the several kinds of fruit-trees and fruits growing on the land, and alleges the destruction by the fire of all the fruit-trees, berries, hay, manure and mulching. The fourth count is like the others, except that it alleges that the plaintiff owned and occupied the land in question as his home; that he had, at great expense, cultivated and enriched it, so that it was in a high state of cultivation; that prior to December 1, 1891, the plaintiff had caused to be set and planted, and there were then growing on the land, a large and varied assortment of apple-trees of superior quality, and other kinds of fruits, from which the plaintiff had and would annually obtain large quantities of fruit for sale in the market, and there is set forth a schedule of the various kinds of fruit-trees, fruits and other property then on the land, and the value of each item, and it is alleged that the fruit-trees, fruits and other property so scheduled were destroyed by the fire, caused by the negligence of the defendant, as aforesaid, to the damage of the plaintiff of $10,000.

The defendant pleaded not guilty, and at the trial, the jury found the defendant guilty, and assessed the plaintiff's damages at $1800, and for that sum and costs the court, after denying the defendant's motion for a new trial, gave judg-

ment for the plaintiff. On appeal to the Appellate Court, that judgment was affirmed, and the defendant now brings the record to this court by writ of error.

Counsel for both parties have filed, in addition to the briefs specially prepared by them for use in this court, the briefs used by them in the Appellate Court. It is manifest from an examination of these briefs, that various questions were contested in that court which are not open for review here. Thus, in the Appellate Court, it was strenuously urged that, upon the whole evidence, the jury should have found the defendant free from negligence. The fact that the fire which spread to and destroyed the plaintiff's property was communicated from the defendant's locomotive engine is not denied, but is frankly admitted by the defendant's counsel in their argument. By the act of March 29, 1869, relating to fires caused by locomotives, the mere fact that the fire is communicated from the locomotive is made "full *prima facie* evidence" to charge the railroad company with negligence. To rebut the *prima facie*. case thus made, the defendant gave evidence tending to prove the good condition and repair of the locomotive engine at the time, the experience and skill of the engineer in charge of it, and the care with which it was being operated and run. The plaintiff, on the other hand, showed, in addition to the mere fact that the fire was communicated from the engine, that the sparks or coals emitted therefrom were sufficiently large to set fire to the dry grass, after being carried by the wind from sixty to eighty feet from the railroad track, and also the further fact appearing from the evidence, that on the same trip, and but a few miles from the same place, another fire was communicated from the same engine, the sparks or coals in that case being thrown about the same distance. Clearly, the question whether the defendant's evidence was sufficient, under all the circumstances, to rebut the *prima facie* proof of negligence, arising from the undisputed fact that the fire was communicated from the engine, was clearly a question of fact

for the jury, and as to which the judgment of the Appellate Court is conclusive.

The same thing may be said in relation to the award of damages by the jury, which the defendant claims is excessive. Several witnesses estimated the damages at a much larger sum, but the question of the amount of damages proved is clearly a question of fact, the decision of which, in cases like this, we have no authority to review.

The only errors assigned which raise matters open for consideration in this court are, (1) those which call in question the rulings of the trial court in relation to the admission of evidence, and (2) those relating to the instructions to the jury. Of the former class but one is insisted upon. Several witnesses were permitted, against the objection and exception of the defendant, to give their opinions as to the value of the plaintiff's land before the fire and afterward, thus giving evidence tending to prove the damage to the plaintiff's freehold. The objection urged to this evidence is, that it tends to prove a case variant from that made by the declaration and is therefore immaterial, it being contended that the declaration alleges damage merely to the growing fruit-trees, berry-bushes, strawberry-vines, hedge, etc., and that the evidence therefore should have been confined to their value. The objection, we think, is based upon a manifest misapprehension of the scope and legal effect of the averments of the declaration.

It is too well settled to require the citation of authorities, that fruit-trees, berry-bushes, etc., standing and growing upon land, are, at least as between the owner of the land and a mere tort-feasor, real property and a part of the freehold. It follows that an allegation of a tortious injury to or destruction of such growing trees or bushes is, *ex vi termini*, an allegation of an injury to the freehold. The case would have been no stronger if the declaration had contained an express allegation that the trees, bushes, etc., were a part of the land, and that by negligently causing their destruction by fire, the

defendant had wrongfully injured the plaintiff's freehold. Such allegations would have been merely the statement of legal conclusions arising from the facts already alleged, and it is a well settled rule of pleading, that matters of law need not be alleged. The declaration, though merely alleging the burning and destruction of the trees and bushes standing and growing on the land, alleged what was in substance and legal effect an injury to the freehold. Such being the case, evidence of the value of the land before and after their destruction was competent, as tending to fix the amount of damages to the plaintiff's land or freehold thereby occasioned.

Complaint is made of so much of the first instruction given to the jury at the instance of the plaintiff, as assumes to lay down the measure of damages in case the jury find the defendant guilty. That instruction held, that the measure of damages was the difference in value of the land in question before and after the alleged injury, and that in determining its value before the fire, the jury might take into consideration the character of the soil, its state of cultivation, the kind and quality of the trees and fruits thereon, the age of the trees and fruit-bushes, and the injury caused by the fire, if any, to the trees and bushes.

The objections urged to this instruction are substantially answered by what has already been said. The proper measure of damages was clearly the difference in the value of the land before and after the fire. And we think the jury were correctly instructed that, in determining its value before the fire, they might properly take into consideration the various matters affecting its value specified in the instruction.

Complaint is also made of the plaintiff's third instruction which held that, if the jury believed from the evidence that the fire in question was communicated from the engine then in the care and management of the defendant, while upon and passing along the railroad in question, whereby the plaintiff's property was injured, "then the fact that said fire was so

communicated is full *prima facie* evidence to charge the defendant with negligence on account of the condition of said engine, or the manner in which said engine was operated, at the time said fire was so communicated."

This instruction is based upon and correctly states the rule established by the act of March 29, 1869, already mentioned, and that such is the case does not seem to be denied. But the contention is that, instead of merely laying down the statutory rule, it should have gone further and recited the facts which the defendant's evidence tended to prove, and which, if proved, would have had the effect of rebutting the *prima facie* case of negligence arising from the mere fact that the fire was communicated from the defendant's engine, and have instructed the jury that the plaintiff's *prima facie* case might thus be overcome. We are aware of no principle which required the plaintiff to insert any such qualification in an instruction asked by him. All he was bound to make out was a *prima facie* case, and that case, unless met by proof sufficient to rebut it, entitled him to a verdict. It was for the defendant to present its defense, both by evidence and instructions to the jury, and if there was danger that the jury would overlook or misapprehend the force of the evidence given in defense, it was for the defendant to guard against such result by submitting proper instructions to be given in its own behalf. The instruction, as given, enunciated a correct proposition of law applicable to the case, and the court could not have properly refused to give it. If the defendant desired to have the jury instructed as to its defense, it had only to ask for proper instructions and they would doubtless have been given.

After diligently inspecting the record, we are able to find no material error in the rulings of the courts below. The judgment of the Appellate Court affirming the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*