Walter C. Hackett, Appellee, v. Judson Harmon, Receiver, Appellant.

1. MEASURE OF DAMAGES—*in action for fire communicated by locomotive.* In such an action the proper measure of damages is the difference in the value of the plaintiff's land before and after the fire.

2. EVIDENCE—*when admission of incompetent will not reverse.* The admission of incompetent evidence will not reverse where there was sufficient competent evidence amply to support the judgment.

3. INSTRUCTIONS—*when omission cured.* An omission in one instruction given may be cured if supplied by another given instruction.

Action commenced before justice of the peace. Appeal from the County Court of Douglas county; the Hon. WALTER J. DOLSON, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

CHARLES G. ECKHART and GRAHAM & GRAHAM, for appellant.

JOHN H. CHADWICK, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit originally instituted before a justice of the peace to recover damages alleged to have been occasioned by a fire communicated from a locomotive or locomotives operated by the defendant, whereby about one-half mile of hedge fence on the west line of plaintiff's farm was destroyed, and a small portion of plaintiff's pasture land and corn field was burned over. On defendant's appeal to the county court of Douglas county, upon a trial by jury, there was a verdict and judgment against the defendant for $125.

The proper measure of damages in the case was the difference in the value of plaintiff's land before and after the fire. C. C. C. & St. L. Ry. Co. v. Stephens, 74 Ill. App. 586; C. & A. R. R. Co. v. Davis, 74 Ill. App. 595; L. E. & St. L. Con. R. R. Co. v. Spencer, 149 Ill. 97. It is urged on behalf of defendant that the court improperly permitted certain witnesses called on behalf of plaintiff to testify to the value, in their opinion, of the hedge fence as it stood before it was destroyed, the destruction of which constituted the principal element of damage in the case and that the true measure of damages was thereby departed from. There is some such testimony in the case, the defendant's objection to which testimony should have been sustained, but there is sufficient competent evidence in the testimony of witnesses, who gave their opinion as to the difference in the value of the land before and after the fire, to amply support the verdict as to the amount of damages awarded by the jury. As the jury were fully instructed by the court as to the true measure of damages to be applied in the case, we are clearly of opinion that no harm resulted to the defendant by the admission of the incompetent evidence.

There is evidence in the case tending to show that there was an accumulation of dry grass and weeds upon the railroad right of way; that the fire which destroyed plaintiff's hedge and which burned over a portion of his corn field and meadow was caused by sparks

which escaped from a locomotive or locomotives operated by the defendant, and that such fire was communicated to plaintiff's land from the dry grass and weeds on the right of way, and the jury were warranted in so finding.

The fourth instruction given at the instance of the plaintiff is undoubtedly subject to the criticism that it does not confine the liability of the defendant to fire communicated from a locomotive or locomotives operated by the defendant, but this element was so fully covered by other instructions given to the jury that the omission in the respect indicated was fully cured. Upon the merits of the case no contravening evidence whatever was introduced on behalf of the defendant, and we are not disposed to reverse the judgment for the purpose merely of enabling the parties to make a faultless record.

The judgment of the county court will be affirmed.

*Affirmed.*