Citizens National Bank, Appellant, v. Joseph Kesl and Sons Company and S. J. Groves and Sons Company, Appellees.

Opinion filed March 1, 1941.

VERLIE, EASTMAN & SCHLAFLY and EMERSON BAETZ, both of Alton, for appellant.

J. F. EECK, of Edwardsville, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal by the Citizens National Bank (hereinafter called plaintiff), from a judgment for nominal damages of $100 awarded to it as against appellees, Joseph Kesl & Sons Co., a corporation, and S. J. Groves & Sons Company, a corporation (hereinafter called defendants). It is the contention of plaintiff that it is entitled to actual and compensatory damages rather than only nominal damages.

The amended complaint of plaintiff, upon which the action was tried in the court below, recited the fact that the plaintiff was the mortgagee of certain farm premises in Madison county, and that such mortgage was in default. It was alleged, and shown by the evidence, that defendants had taken a certain quantity of the top soil and loam from such farm, without the consent of plaintiff, as mortgagee, and without the consent of the owner of a two-thirds interest in the mortgaged premises. A widow of the deceased owner of the premises, who held a one-third interest therein, had been paid the sum of $700 by the defendants for purchase of the soil, but the granddaughter, who was the owner of a two-thirds interest in the premises, was not paid any money by the defendants, nor was permission obtained from her for the removal of the soil. After the excavation, both the widow and the granddaughter quitclaimed all interest in the property to the plaintiff Bank and assigned to plaintiff all other causes of action for the defendants' trespasses.

The action was instituted seeking recovery by the plaintiff, against the defendants, in its capacity both as mortgagee and as assignee of the owner of the two-thirds interest. No claim was made as to the one-third interest because of the agreement as to compensation between the defendants and such owner of the one-third interest. The allegations of the complaint which referred to the status of the plaintiff as mortgagee, claimed damages for impairment of the security on such mortgage. Judgment was additionally prayed as against one defendant for $1,666 and against the other

defendant for $833, making a total of $2,499, in addition to the amount claimed due under the mortgage.

The allegations of the complaint while primarily framed to establish a right of action for impairment of the security and for diminution in the value of the land, contained recitals which were designed to establish a claim based upon the assignment from the owner of the two-thirds interest for damages for the wrongful excavating and carrying away of the top soil and loam, and which is predicated on the injury and trespass to the farm. The provisions of the complaint with reference thereto do not precisely set forth that such allegations are based upon a claim for damages for removal of top soil of a specific value when so removed. The complaint sets forth the acts, and alleges the assignment to plaintiff of the causes of action for injury and trespass to the farm, and then concludes, "That as a direct and proximate result of the unlawful acts . . . said Mary Elinor Monroe suffered damages to her said undivided two-thirds interest in said farm not less than Six Hundred and Sixty-Six Dollars ($666.00) and exclusive of all damages to, and depreciation in, the value of plaintiff's said security . . . and that plaintiff is now the actual, bona fide owner of Mary Elinor Monroe's cause of action against defendant . . . for damaging . . . her interest in said farm." Similar allegations referring to the sum of $333 are contained in another count as to another defendant. In each count a request is made for judgment in the amount of the mortgage note, with interest, "plus" the sum of $1,666 as against one defendant, and "plus" the sum of $833, as against the other defendant.

At the trial of the action, the evidence produced by plaintiff was principally concentrated upon proof of the amount of earth and loam taken from the farm, and upon questions as to the value of such earth and loam after its removal. There was no evidence that the farm, after the removal of the top soil and loam, was any less valuable than prior to the removal of such

excavated materials. It was shown that soil of an aggregate value of $5,113.75 was taken by the defendants. The evidence likewise disclosed that defendants received $10,636.36 for the earth after its removal. It was also shown that the unpaid taxes on the land were in excess of the value placed on the farm by witnesses for defendants. It is contended by plaintiff that such fact tends to establish that the farm was, therefore, no longer any security for plaintiff's mortgage.

The action was tried before the court, without a jury, and the court below, after hearing the evidence, entered an order which specified that by the terms of the amended complaint, plaintiff sought to recover from defendants for permanent damages rendered to the farm upon which plaintiff held a first mortgage, without plaintiff's consent, whereby the security of plaintiff's mortgage was impaired and diminished, and the court concluded that in such case the true measure of damages is the difference between the fair market value of the farm immediately before and immediately after the removal of the soil. The court then referred to the fact that no testimony had been offered to prove the value of the farm at any time and no depreciation in the value of the mortgage security had been shown. The court concluded that the plaintiff was, therefore, not entitled to recover actual damages, but could recover nominal damages only, and the judgment was, therefore, entered for the sum of $100 and costs.

After the entry of the judgment and prior to filing of notice of appeal, plaintiff filed a motion to amend the amended complaint for the purpose of alleging specifically that the fair and reasonable value of the top soil taken by defendants was in excess of $1,600. Such motion was denied by the court below for the reason that, "the amendments proposed would state a different cause of action from the cause of action stated in the amended complaint on which the cause of action was tried."

Plaintiff appeals from the judgment below, and from the rulings of the court, and contends that the trial court erred in awarding it only nominal damages and that it is entitled to substantial damages. In this connection, it is contended by plaintiff that the complaint states a claim for damages for trespass and that the measure of damages referred to by the court below was not correct, but that the measure of damages was the value of the soil admittedly taken by the defendants. Plaintiff likewise asserts that the court erred in ruling that the complaint stated only a claim for impairment of the value of the mortgage security. It is further contended that the court erred in denying the application of plaintiff to amend the complaint after judgment, to conform to the proofs, by specifically alleging the value of the soil taken.

It has been established by the courts of this State that where one wrongfully removes soil from the land of another, the latter is not restricted to a recovery of the difference in value of his real estate before and after the trespass, but he may recover the value of the soil after it is severed from the land and becomes chattel property (*Sikes v. Moline Consumers Co.,* 293 Ill. 112; *Washington Ice Co. v. Shortall,* 101 Ill. 46; *Piper v. Connelly,* 108 Ill. 646; *Donovan v. Consolidated Coal Co.,* 187 Ill. 28).

Under the allegations of the complaint referred to in this opinion, while such complaint is lacking in many respects, a cause of action is stated (under the provisions of our Civil Practice Act), for damages for trespass to real estate analogous to the common-law action of trespass *quare clausum fregit* (*Sikes v. Moline Consumers Co., supra; Washington Ice Co. v. Shortall, supra; Piper v. Connelly, supra; Robertson v. Jones,* 71 Ill. 405).

The right of the owner of the two-thirds interest (and of plaintiff, as assignee) to recover the value of the soil taken by the defendants is, therefore, depend-

ent alone, under the facts, upon the nature of the allegations in the complaint both with reference to the statement of the cause of action and as to the damages to be awarded.

The allegations of the complaint which relate to the claim for damages for the removal of the soil, as contrasted with the claim arising out of the assertion of diminution of the security, are those which are recited in this opinion. While a specific reference is made in the body of the complaint to certain sums, it is noted that the reference is to "not less than" $666 and $333, respectively. The general allegations of damage sustained in excess of the amount claimed on the mortgage is set up in the allegations requesting judgment for the amount of the mortgage note with interest, "plus" the sums of $1,666 and $833, respectively. Under the circumstances such allegations could only be referable to the claim for damages for wrongful removal of the soil. While evidence tended to establish damage as to the two-thirds interest in excess of the total sum of $2,499 claimed, plaintiff will be restricted to the sum of $2,499 requested by the allegations of the complaint. The amendment proposed by plaintiff was not designated to increase the amount of such demand for damages.

In view of what we have heretofore stated, and the conclusion of this court, it is not necessary to inquire into the propriety of the decision of the court refusing the amendment requested by plaintiff.

The contention is made by plaintiff that it is likewise entitled to the amount of its mortgage on the basis of the evidence presented in the court below. We cannot agree with the plaintiff on this contention and must conclude that the court below was correct in the decision in so far as it applies to the rights of the mortgagee, as such, on the basis of the evidence and the allegations of the complaint. The mortgagee is entitled under such facts and circumstances only to the

amount by which the security of the mortgaged property has been impaired by the wrongful acts (*Hummer v. R. C. Huffman Const. Co.*, 63 F. (2d) 372). The evidence shows no impairment in the value of such security by reason of the acts of the defendant.

The fact that the taxes on the premises exceeded the value of the premises, was in no manner due to acts of the defendants and there is, therefore, no evidence in the record upon which a right of recovery for anything more than nominal damages could be justified in favor of plaintiff, as mortgagee.

Judgment will, therefore, be entered in this court in the sum of $2,599 (being the total of $2,499 hereinabove specified, and the $100 awarded as nominal damages) in favor of plaintiff and as against the defendants, the defendants having agreed that judgment may be entered against them jointly in the determination of this cause.

*Affirmed as modified, and judgment entered here.*