THADDEUS S. PIERCE *et al.*, Plaintiffs-Appellees, *v.* ALVIN W. DEJONG *et al.*, Defendants-Appellants.

(No. 72-119;

Second District—August 22, 1973.

Jewel N. Klein, of Chicago, and Robert W. Hotte, of Elmhurst, for appellants.

William L. Cregar, of Cregar & Preston, of Brookfield, for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

Plaintiffs brought suit in the circuit court of Du Page County charging that defendants (including not only the appellants but another neighbor, Robert Rodi, and a landscaper, Joseph McGoldrick, individually, and doing business as Joseph McGoldrick Landscaping) had willfully obstructed the natural flow of surface water from plaintiffs' property thus causing the water to back up on plaintiffs' adjoining property and damaging plaintiffs' trees and shrubs and making the property unusable. Plaintiffs asked $10,000 in actual damages, $100,000 in exemplary damages and for injunctive relief. Before trial defendants remedied the drainage problem and the request for injunction was withdrawn.

Defendant Rodi was dismissed on his motion for summary judgment. Defendant Alvin W. DeJong appeared as attorney for himself, his wife, and McGoldrick, and filed their answer to the complaint and a counterclaim. Pleadings were closed and following a bench trial the court filed a written opinion and entered an order dismissing McGoldrick and rendered judgment against the DeJongs for $9470 (representing $1470 for actual damages—replacement value of trees, shrubs and bushes—$3000 for general damages and $5000 for exemplary damages). Defendants appeal from that judgment.

Defendants contend that they cannot be held liable because the court found that the obstruction causing the back-up of water on plaintiffs' property was caused by defendant McGoldrick, the landscaper, in the course of his grading of the DeJong land, and that the court's dismissal of McGoldrick bars any recovery against the DeJongs. They also complain that plaintiffs did not meet the burden of proving McGoldrick's agency.

■■ There was no need for the plaintiffs to prove agency. Paragraph 4 of the answer filed by the defendants (DeJongs and McGoldrick) and verified by defendant Alvin W. DeJong, admitted that defendant McGoldrick was employed by the DeJongs and alleged "by way of affirmative defense":

"[T]hat Joseph McGoldrick, individually and doing business as Joseph McGoldrick Landscaping, as an agent of Alvin W. DeJong, has not incurred any liability and can incur no liability under any of the allegations contained in the plaintiffs' Complaint because he was and is at all times acting as agent of the defendant Alvin W. DeJong."

In his testimony, defendant Alvin W. DeJong referred to defendant Mc-Goldrick variously as "my agent" and "my employee." He further testified that he assumed full responsibility for whatever McGoldrick did and instructed Mr. McGoldrick to final grade the swale and put sod in it which included bringing the level of his (DeJong's) land up to the level of Mr. Rodi's in certain areas, thus resulting in the blocking of the drainage about three to five inches. Thus, by both the answer filed and Mr. DeJong's testimony he not only exonerated the landscaper from any liability for his actions, but assumed it.

Defendant further contends in effect that because not only defendant DeJong but his adjoining neighbor, defendant Rodi (who was dismissed on motion for summary judgment), and the plaintiffs had altered the natural flow of water by adding truck loads of soil to elevate their respective grades, defendants cannot be held liable. The record here clearly shows that plaintiffs' land was higher in elevation than that of the defendants, and that the only alteration of the natural flow of surface drainage was to cause it to run in a ditch along the lot line between plaintiffs' and Rodi's parcels which it did until obstructed by defendants' acts.

As the owner of the dominant estate, plaintiffs were entitled to uninterrupted flow of surface waters from their property across the lower or servient lands of the DeJongs. *Lambert v. Alcorn*, 144 Ill. 313, 325; *Mauvaisterre Dist. v. Wabash Ry. Co.*, 299 Ill. 299, 309.

■■ The manifest weight of the evidence is that the defendant, Alvin W. DeJong, violated plaintiffs' right to such flow by blocking the natural drainage along the lot line. However, there is no evidence that defendant, Arlene J. DeJong, caused the obstruction or is liable to the plaintiffs. The only basis asserted by the plaintiffs for her liability is testimony by the plaintiff's wife that one "red tag from the village of Oakbrook" was "pulled down" by defendant, Arlene J. DeJong. (The term "red tag" apparently refers to a so-called "stop order" issued by the village to call attention to the drainage condition). There is no evidence in the record whatever that she directly or indirectly caused the obstruction which resulted in the back-up of surface waters on plaintiffs' land. The court therefore erred in entering judgment against her.

There was sufficient evidence, however, to establish that Alvin W. DeJong was responsible for the obstruction which resulted in such ac-

cumulation and back-up, and plaintiffs are entitled to recover damages from defendant, Alvin W. DeJong, for the loss sustained by them.

Finally, defendants contend the damages were excessive and that there is no basis for the award of punitive damages. The complaint asked $10,000 "for the actual damages sustained by the plaintiffs" and $100,000 "for exemplary damages." In its judgment the trial court assessed $1,470 as "actual damages" and $3,000 as "general damages" for "loss of use of plaintiffs' yard", "offensive odors", possible "health hazards", and "unsightly appearance."

■■ As to actual damages of $1,470 the evidence offered by the plaintiff as to replacement value of trees, shrubs and bushes is unrefuted. As to so-called general damages, the evidence indicates that it was only on the southeast corner of plaintiffs' yard (where plaintiffs' trees and shrubs were located)' where water was standing from September 19, 1967 to June 19, 1968, especially following the heavy rains in September of that year and the spring thaw. Plaintiff, Thaddeus S. Pierce, testified that "he was deprived of the use" of that portion of the yard because of his children's inability to use that portion to play on. The "offensive odors" and "unsightly appearance" as to which he testified could be attributable on the record to a humus pile maintained by plaintiffs, where they placed organic materials to decompose for use in their garden. There was no evidence concerning health hazard. We find no support in the record for awarding actual damages beyond the $1,470 assessed by the trial court, and the court erred in making an additional award of $3,000. To that extent the judgment was excessive.

■■ We turn finally to the award of $5,000 as punitive damages. Punitive damages are not "a favorite in the law" and are allowable only where the conduct is accompanied by aggravated circumstances such as willfulness, malice, fraud, or violence. (*City of Chicago v. Shayne* (1964), 46 Ill.App.2d 33, 38; *Eshelman v. Rawalt* (1921), 298 Ill. 192, 196-197; *Wetmore v. Ladies of Loretto* (1966), 73 Ill.App.2d 454, 467.) There is no evidence in this record as the trial court observed in its opinion "that defendants or any of them set out with deliberate intent to harm anyone's property or inflict any damage on the plaintiffs." Indeed, the record shows that before the case came to trial the condition complained of was corrected by defendant, Alvin W. DeJong. The delay in correcting it does not constitute willfulness or any other element required to justify allowance of punitive damages. The court erred in awarding punitive damages in the sum of $5,000 and in entering judgment against defendant Arlene J. DeJong. Judgment should only have been entered in the sum of $1,470 and only against defendant Alvin W. DeJong.

Judgment is entered in this court for the plaintiffs and against the defendant, Alvin W. DeJong, for the sum of $1,470 and costs and judgment is vacated as to defendant, Arlene J. DeJong.

Affirmed in part; vacated in part, and judgment entered.

GUILD, P. J., and T. MORAN, J., concur.