EDWARD STRIBLING et al., Plaintiffs-Appellants, v. CHICAGO HOUSING AUTHORITY et al., Defendants-Appellees.

(No. 60922;

First District (3rd Division)—December 4, 1975.

552

James O. Latturner, Gary Johnson, Seymour Mansfield, and Nelson Soltman, all of Legal Assistance Foundation, of Chicago, for appellants.

Robert K. Hick, of Chicago, for appellees.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs in the instant case are residents of a multifamily apartment building located at 4352 South State Street in Chicago, Illinois. This building is one of several buildings which comprise the Robert Taylor Homes Housing Project, a public housing project owned and operated by defendant, Chicago Housing Authority. Plaintiffs bring this action against the Chicago Housing Authority and its executive director, Harry Schneider, to recover damages for loss of property allegedly caused by defendants' negligence in failing to secure two vacant apartments adjacent to plaintiffs' apartment on the east and west side. Plaintiffs' loss of property, occurring in three separate break-ins within a forty-seven day period, was effected by burglars who on each occasion entered plaintiffs' apartment by demolishing a portion of the wall separating plaintiffs' apartment and one of the vacant adjacent apartments. Pursuant to defendants' motion to dismiss the complaint for failure to state a cause of action, the trial court ordered that the complaint be dismissed. Plaintiffs now appeal from that order.

The question that plaintiffs present for review in this appeal is whether the complaint states a cause of action.

We affirm in part, reverse in part and remand.

Plaintiffs' complaint was filed in four counts. In each of Counts I, II and III plaintiffs alleged that on January 7, 1974, and for several months prior thereto, plaintiffs were tenants of an apartment building located at 4352 South State Street in Chicago, Illinois, and that defendant was the owner of said apartment building; that since October of 1973 and several months prior thereto, the two apartments adjacent to either side of plaintiffs' apartment have been vacant; that on numerous occasions plaintiffs observed persons entering and leaving these vacant apartments and heard sounds coming from inside these apartments; that based on the appearance and demeanor of said persons, it was plaintiffs' belief that said persons were not authorized to be on the premises and that said persons had free and unhindered access to the vacant apartments; that plaintiffs told defendants' agent about such unauthorized use of the vacant apartments and demanded that the apartments be made secure against such use; and that defendants did not respond to plaintiffs' complaints and demands and that the unauthorized use of the vacant apartments continued unabated.

Count I then went on to allege that as a result of defendants' failure to respond to the above complaints and requests of plaintiffs, plaintiffs' apartment was burglarized on January 7, 1974, by persons who broke a hole through the wall between plaintiffs' apartment and the vacant apartment to the west. In Count II plaintiffs further alleged that as a result of defendants' failure to respond to plaintiffs' complaints and after having been notified of the burglary on January 7, 1974, and after subsequent complaints of plaintiffs, plaintiffs were victims of a second burglary occurring on February 7, 1974. Count II alleged that this second burglary was effected by burglars who entered plaintiffs' apartment by breaking a hole through the wall separating plaintiffs' apartment from the vacant apartment to the east of plaintiffs' apartment. Count III further alleged that as a result of defendants' failure to respond to the aforementioned complaints and requests, and having been notified of the two previously mentioned burglaries of January 7, 1974, and February 7, 1974, plaintiffs were the victims of yet a third burglary. Plaintiffs alleged in Count III that this third burglary occurred on February 22, 1974, when burglars entered the vacant apartment to the west side of their apartment and broke a hole through the common wall separating plaintiffs' apartment and this vacant apartment.

Each of Counts I, II and III alleged that plaintiffs were in the exercise of due care for the security of their apartment and that as a result of defendants' negligence in failing to respond to plaintiffs' many complaints and requests plaintiffs were damaged in the amount of $1,000.

Count IV of the complaint realleges all of the allegations of Counts I, II and III, alleges that defendants are guilty of wilful, wanton and malicious conduct, and asks for $10,000 in punitive damages.

The question presented to this court is whether plaintiffs' complaint states a cause of action. In deciding this question, all facts properly pleaded as well as all reasonable inferences that can be drawn from these facts must be accepted as true. (*Miles Homes, Inc. v. Mintjal* (1974), 17 Ill.App.3d 642, 307 N.E.2d 724; *Psyhogios v. Village of Skokie* (1972), 4 Ill.App.3d 186, 280 N.E.2d 552.) Moreover, pleadings are to be liberally construed with the view that controversies shall be determined on their merits to do substantial justice, rather than on technicalities. (*Coffey v. MacKay* (1972), 2 Ill.App.3d 802, 277 N.E.2d 748.) As stated in section 42(2) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 42(2)): "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." Nevertheless, plaintiffs' complaint must allege facts sufficient to state a cause of action. *Bauscher v. City of Freeport* (1968), 103 Ill.App.2d

372, 243 N.E.2d 650; *Zamouski v. Gerrard* (1971), 1 Ill.App.3d 890, 275 N.E.2d 429.

■■ Defendants first argue that the allegations in the complaint that defendants "allowed free and unhindered access" to the vacant apartments and that defendants failed to "secure" the apartments are conclusions and as such should not be considered. We disagree. Plaintiffs alleged that on numerous occasions they saw people entering and leaving the vacant apartments and heard sounds coming from said apartments. The above allegations in the complaint that defendants failed to secure the vacant apartments and allowed free and unhindered access to these apartments are nothing more than a reasonable inference to be drawn from the above allegations. Moreover, we believe that the allegation that defendants failed to secure the apartments, construed in the context of the remaining allegations of the complaint, reasonably means that the doors to these apartments were not secure or that said doors were not equipped with locks. It is our decision that the above allegations are entitled to consideration.

■■■ Plaintiffs' complaint is in negligence and as such it must set out the existence of a duty owed by defendants to plaintiffs, a breach of that duty and an injury proximately resulting from that breach. (*Cunis v. Brennan* (1974), 56 Ill.2d 372, 308 N.E.2d 617.) As stated in *Mims v. New York Life Insurance Co.* (1971), 133 Ill.App.2d 283, 285, 273 N.E.2d 186, 187:

> "Liability is imposed when there is a loss suffered by the plaintiff, and said loss is a foreseeable and proximate result of a failure to perform a duty imposed by law upon the defendant. (*McClure v. Hoopeston Gas & Electric Co.* (1922), 303 Ill. 89, 135 N.E. 43; *Edwards v. Ely* (1943), 317 Ill.App. 599, 47 N.E.2d 344.) The law imposes a duty to exercise ordinary care to guard against injury which may naturally flow as a reasonably probable and foreseeable consequence of one's act, and the law is presumed to furnish a remedy for the redress of every wrong. *Kahn v. James Burton Co.* (1955), 5 Ill.2d 614, 126 N.E.2d 836."

Furthermore, the question of whether or not a legal duty exists is one of law and requires that the occurrence be reasonably foreseeable, more than a mere possibility of occurrence. *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.

Plaintiffs' complaint alleged that several months prior to the first break-in, the apartments on either side of plaintiffs' apartment were vacant and that on numerous occasions plaintiffs observed unauthorized persons entering these apartments and heard noises coming from inside said apartments. Plaintiffs further alleged that they notified defendants'

agent of the above unauthorized use of the vacant apartments and demanded that the vacant apartments be made secure against such use. Plaintiffs further alleged that defendants failed to respond to their requests, that the unauthorized use of the vacant apartments continued and that as a direct result of defendants' failure to secure the apartments plaintiffs were the victims of three burglaries.

■■ Given the bizarre facts alleged in the complaint, it is our decision that defendants owed plaintiffs no duty to guard against the original burglary alleged in Count I. However, after defendants had notice of the original burglary and the means used in effecting the burglary, the fact that another burglary could happen in the same fashion became eminently foreseeable. Thus defendants owed plaintiffs a duty to guard against the second and third burglaries alleged in Counts II and III.

■■ Count IV of the complaint alleges that defendants were guilty of wilful and wanton conduct and asks for punitive damages. Whether punitive damages may be assessed in a particular case is properly a question of law. (*Smith v. Hill* (1958), 12 Ill.2d 588, 147 N.E.2d 321.) Such damages may be recovered in cases where the wrongful act complained of is characterized by wantonness, malice, oppression or circumstances of aggravation. *Knierim v. Izzo* (1961), 22 Ill.2d 73, 174 N.E.2d 157.

Under the facts pleaded in the instant case, we do not find the conduct alleged characterized by the type of wantonness, malice, oppression or circumstances of aggravation necessary for the award of punitive damages. Consequently, Count IV of the complaint was properly ordered dismissed.

Thus the order of the trial court dismissing Counts I, II, III and IV of the complaint will be affirmed as to Counts I and IV and reversed and remanded as to Counts II and III.

Order affirmed in part, reversed in part and cause remanded.

McNAMARA and MEJDA, JJ., concur.