DAVID QUEEN, Plaintiff-Appellant, *v.* HERMAN BEHM *et al.*, Defendants-Appellees.

Second District   No. 76-400

Opinion filed March 15, 1978.

Richard J. Smith, of Sullivan, Smith & Hauser, of Waukegan, for appellant.

Murray R. Conzelman, of Conzelman, Schultz & Snarski, of Waukegan, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, David Queen, brought suit against defendants, Herman Behm, Murrill Cunningham and Cunningham Cartage, Inc., and Robert Meisinger, to recover actual and punitive damages for the destruction of personal property owned by him and for unlawful entry upon his leasehold. The case was tried to a jury. At the close of all the evidence the trial court refused to submit the issue of punitive damages to the jury. The jury found for plaintiff and against defendants and assessed damages in the amount of $3,000 and costs of suit. The sole issue on appeal is the refusal of the trial court to submit the issue of punitive damages to the jury.

It was established at trial that plaintiff rented farm property and buildings thereon from Edward Slobe; personal property belonging to plaintiff and consisting of various pieces of farm equipment, fencing and aluminum products were stored in barns on the rented property. In September of 1974, Slobe sold the property to defendant Behm; plaintiff at that point had rented the property through 1974. In December of 1974, defendants, Murrill Cunningham and Cunningham Cartage, Inc., at the direction of defendant Behm, tore the barns down, during which plaintiff's personal property was either destroyed or disappeared. Prior to the razing of the barns, defendant Meisinger, Behm's son-in-law, had cut some barn wood and had taken two aluminum windows.

In support of his claim for punitive damages, plaintiff argues that the evidence established that defendants, Behm and Cunningham, had personal knowledge that plaintiff was a tenant on the property, with the right to use the barn until the end of 1974, at the time they entered the property, destroyed the buildings and either carried off or destroyed plaintiff's personal property stored in the barns; that Murrill Cunningham bore a grudge against plaintiff, and his acts therefore were an intentional and willful attempt to harm plaintiff.

Defendants, on the other hand, argue that they entered the property pursuant to defendant Behm's purchase of the property from Slobe, and that they had no knowledge that plaintiff owned the personal property or was a tenant until after the barns had been destroyed.

■■ It is well settled that punitive damages are not a favorite in the law. It is only where a wrongful act is accompanied by aggravating circumstances, such as willfulness, wantonness, malice or oppression that such damages are recoverable. See *Pierce v. DeJong* (1973), 13 Ill. App. 3d 889, 300 N.E.2d 782; *Wetmore v. Ladies of Loretto* (1966), 73 Ill. App. 2d 454, 220 N.E.2d 491.

It is a question of law whether the facts in a particular case bring it within the rule in which punitive damages may be assessed. *Stribling v. Chicago Housing Authority* (1975), 34 Ill. App. 3d 551, 340 N.E.2d 47; *Hanson v. Rhodes-Burford Furniture Company* (1923), 227 Ill. App. 471.

■■ In his memorandum and order denying plaintiff's motion for a new trial, the trial court found that viewing all the evidence most favorable to the plaintiff, at most, defendants acting under a clear color of title may have been guilty of a trespass and therefore a wrongful act in razing the barns, but there were no aggravating circumstances present that would support a jury's finding that the defendants' conduct was willful, wanton, malicious or oppressive. The allowance of punitive damages is a matter within the trial court's discretion to determine, and such a determination will not be disturbed in the absence of an abuse of that discretion. *Zokoych v. Spalding* (1976), 36 Ill. App. 3d 654, 344 N.E.2d 805.

Plaintiff relies on *First National Bank v. Amco Engineering Co.* (1975), 32 Ill. App. 3d 451, 335 N.E.2d 591. However, in that case the defendants there went upon the property of another, knowing full well it was not their property and that they had no claims or color of title to it, and proceeded to cut down 35 to 40 large trees; therefore, the trial court here correctly distinguished that case from the facts in the case before us.

We have reviewed the evidence submitted at trial and conclude that there was no abuse of discretion here in refusing to submit the issue of punitive damages to the jury.

The decision of the circuit court of Lake County is affirmed.

Affirmed.

BOYLE and NASH, JJ., concur.