BEVERLY ZOSKY, Plaintiff-Appellee, *v.* SEID COURI, Defendant-Appellant.

Third District   No. 79-271

Opinion filed November 13, 1979.

G. Edward Orr, of Moehle, Reardon, Smith & Day, Ltd., of East Peoria, for appellant.

Richard Laukitis, of Hamm & Hanna, Ltd., of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Beverly Zosky brought an action in small claims court to recover $380 for property damage caused by defendant Seid Couri driving an automobile upon plaintiff's lawn. Appearing *pro se*, plaintiff presented evidence which established that on November 29, 1978, defendant's automobile made ruts six to eight inches deep and 20 to 30 feet long in the front yard of a house owned by plaintiff, but plaintiff failed to offer any competent evidence of the amount of that damage. At the conclusion of the hearing, the trial court stated that defendant would have to pay to have the lawn repaired and to pay court costs, and that the matter would be continued until the repairs were done. Defendant stated that he "would like to see the matter concluded today" and that "it would be preferable to have the judgment entered today to have the matter concluded." The trial court then entered judgment for $380, the amount requested in the complaint, plus court costs. Defendant has appealed from that judgment contending, first, that the trial court used the wrong

measure of damages, and, second, that plaintiff failed to offer proper proof of the monetary value of her damage.

Defendant argues that the appropriate measure of damages here is the difference in the market value of the property before and after the injury. Such a measure was used where a building was wrongfully demolished (*Stirs, Inc. v. City of Chicago* (1974), 24 Ill. App. 3d 118, 320 N.E.2d 216; *Schwartz v. City of Chicago* (1974), 21 Ill. App. 3d 84, 315 N.E.2d 215), and also where ornamental trees were wrongfully removed (*First National Bank v. Amco Engineering Co.* (1975), 32 Ill. App. 3d 451, 335 N.E.2d 591). On the other hand, in cases where a building was damaged by fire or explosion, damages were measured by the cost of repair or restoration (*Aetna Insurance Co. v. 3 Oaks Wrecking & Lumber Co.* (1978), 65 Ill. App. 3d 618, 382 N.E.2d 283; *Peluso v. Singer General Precision, Inc.* (1977), 47 Ill. App. 3d 842, 365 N.E.2d 390); and where trees and topsoil were wrongfully removed or injured, the measure of damages was the market value of what was removed. *Citizens National Bank v. Kesl & Sons Co.* (1941), 378 Ill. 428, 38 N.E.2d 274; *Jones v. Sanitary District* (1911), 252 Ill. 591, 97 N.E. 210; *Miller v. Simon* (1968), 100 Ill. App. 2d 6, 241 N.E.2d 697.

■■ ■ Numerous Illinois cases were examined in *Arras v. Columbia Quarry Co.* (1977), 52 Ill. App. 3d 560, 367 N.E.2d 580, where plaintiffs sought to recover damages for the loss of water from a well on their property following a quarry blast, and the reviewing court then adopted as a general rule the following statement:

> " '[I]n cases of injury to real estate or to that which has no value separate and apart from the real estate, the proper measure of damages is as follows: (1) if the injury is permanent, the measure of damages is the market value of the real estate before the injury, less the market value after the injury; (2) if the injury to real estate is not permanent, then the measure of damages is the cost of restoration.' " (52 Ill. App. 3d 560, 564-65, 367 N.E.2d 580, 583.)

We agree with the logic of that statement. We conclude that, when this rule is applied to the case before us where the tire ruts in the lawn were not permanent, the cost of restoration was the proper measure of damages.

Defendant next contends that, in an action to recover damages for injury to real property, it is incumbent upon the plaintiff to offer evidence demonstrating in dollars and cents the extent of the damage sustained, and in the absence of such evidence, a judgment for the plaintiff should be reversed. (*Looby v. Buck* (1959), 20 Ill. App. 2d 156, 155 N.E.2d 641.) In *Looby*, plaintiff failed to prove that the damaged property belonged to him, and the court held that he was not entitled to recover any damages. ■■ Without question, plaintiff was required to prove the amount of

damage and this she failed to do. The rules of evidence are no different for a small claim proceeding than for any other proceeding in a court of record. (*Smith v. Champaign Urbana City Lines, Inc.* (1969), 116 Ill. App. 2d 289, 252 N.E.2d 381.) We conclude that this cause must be remanded for a new trial solely on the issue of damages. (*Cf. Stroyeck v. A. E. Staley Manufacturing Co.* (1960), 26 Ill. App. 2d 76, 167 N.E.2d 689.) Accordingly, we affirm the finding of the trial court that defendant is liable, but we reverse the award of $380 damages and remand to the Circuit Court of Tazewell County for a hearing to determine the amount of damages.

Affirmed in part; reversed in part and remanded.

STOUDER, P. J., and BARRY, J., concur.