Wayne M. MILLER and Eunice E. Miller, Plaintiffs,

v.

AFFILIATED FINANCIAL CORPORATION, et al., Defendants.

No. 84 C 20108.

United States District Court, N.D. Illinois, W.D.

Nov. 14, 1984.

See also D.C., 600 F.Supp. 987.

Bradley Koch, Holmstrom & Green, P.C., Rockford, Ill., for plaintiffs.

Jack D. Ward, Reno, Zahm, Folgate, Lindberg & Powell, Rockford, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

All the defendants other than Joann Smith (for convenience simply "defendants") have filed a counterclaim against Wayne Miller ("Wayne") in response to the action brought by Wayne and Eunice Miller (collectively "Millers"), as to which this Court has issued a November 6, 1984 memorandum opinion and order (the "Opinion"). 600 F.Supp. 987. Wayne has moved to dismiss the counterclaim and, at a minimum, to strike certain of its allegations. For reasons stated in this memorandum opinion and order, Wayne's motion is granted in part and denied in part.

It is plain defendants are subscribers to a variant on a familiar maxim: They believe a good offense is the best defense. But while that proposition might win ballgames, it does not always win lawsuits. As the following brief discussion reflects (for the counterclaim does not require anything resembling the extended treatment in the Opinion), defendants' attack survives only in part—and not necessarily for the long run.

■ Count I is dismissed. As defendants acknowledge (Mem. 2)—but for the wrong reasons—no RICO claim is stated by that count. *Haroco, Inc. v. American National Bank & Trust Co. of Chicago*, 747 F.2d 384, 399–402 (7th Cir.1984); *Parnes v. Heinold Commodities, Inc.*, 548 F.Supp. 20, 23–24 (N.D.Ill.1982). If defendants plan to refile (as their Mem. 2 states), this Court expects them to have done their homework in advance. Not every dispute can be reshaped into a RICO cause of action.

Count II will not be dismissed. *Hishon v. King & Spalding*, —— U.S. ——, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984) reconfirms the very low threshold posed for stating a cause of action under Fed.R. Civ.P. ("Rule") 8. By that standard defendants survive Wayne's Rule 12(b)(6) onslaught. One important caveat is nevertheless in order here, as it is with respect to the other surviving counts in the Counterclaim: Serious questions as to the bona fides[1] of defendants' claims are raised by the Complaint and the affidavits tendered by Millers on the current motion.[2] This Court will not of course prejudge any of those matters. But if Millers are right, defendants and their counsel would do well to be mindful of the potential sting contained in now-revised Rule 11, in 28 U.S.C. § 1927 and in the inherent judicial power to deal with abuses of the justice system.

■ Count III is dismissed. Wayne correctly points to the fatal flaw in defendants' asserted claim for negligent misrepresentation, as succinctly stated in *Knox College v. Celotex Corp.*, 117 Ill.App.3d 304, 307–08, 72 Ill.Dec. 703, 706, 453 N.E.2d 8, 11 (3d Dist.1983) (citations omitted):

---

1. "Bona fides" is not used in its literal sense of subjective good faith. It is rather a convenient (and, it is hoped, not misleading) shorthand for the more stringent objective requirements marked out by Rule 11 in its present form (though of course the absence of subjective good faith would a fortiori create the potential for sanctions against defendants).

2. By a motion received the day this opinion was already in final form, defendants have moved to strike those affidavits and other materials tendered by Wayne. This footnote has been added to confirm (as should be apparent from the text discussion) that this opinion has not been based on any factual submissions outside the counterclaim itself. Defendants' motion is denied as moot.

In Illinois, there is no cause of action for negligent misrepresentation unless the defendant is in the business of supplying information for the guidance of others in their business transactions with third parties.

Indeed Def.Mem. 5 unjustifiably seeks to rely on *Duhl v. Nash Realty, Inc.*, 102 Ill.App.3d 483, 493–94, 57 Ill.Dec. 904, 913, 429 N.E.2d 1267, 1276 (1st Dist.1982), which in fact stands for precisely the same proposition as *Knox College.*

Count IV will not be dismissed, not because of its untenable claim (Paragraph 54) as to Wayne's failure to contribute farm machinery and equipment to the limited partnership[3] but because of Wayne's other claimed anticipatory breaches. It may be (as Wayne claims) defendants are better off, not worse off, due to Wayne's nonperformance, so there would then be no damages to defendants and therefore no legally assertable claim. That however cannot be resolved under Rule 12(b)(6). Once more the caveat as to Count II applies with equal force here.

Count V will not be dismissed. Defendants have confirmed the obvious by making a demand under the promissory notes whose nonpayment is the gravamen of Count V.

■ Count VI is dismissed. It purports to sound in indemnification against any defendant liable to Eunice, apparently[4] on the basis that such liability would be attributable to Wayne's having fraudulently induced defendants to enter into the limited partnership agreement. That will not wash. If Eunice prevails against defendants on the Complaint's charges, it will be because of *defendants'* fraudulent representations and misconduct. Even if (as defendants would have it) Wayne misled defendants into making the deal in the first place, that would give defendants no license to defraud Eunice. In familiar tort terms defendants' and not Wayne's conduct would be the proximate cause of Eunice's harm.

Finally Counterclaim ¶¶ 6–16 and 51 and Counterclaim Count I ¶ 60.d. are stricken. None of those paragraphs is a component of defendants' claimed causes of action.

### Conclusion

It is unnecessary to repeat the respects in which defendants' Counterclaim does and does not survive Wayne's attack, for this opinion has dealt with them in brief compass. Wayne is ordered to answer the surviving portions of the Counterclaim on or before November 26, 1984.

---

3. Wayne pointed out, and Def.Mem. 5 has effectively admitted, (1) the parties mutually agreed to a substitution of cash rents from other farm property (having a greater value than the machinery and equipment) for the contracted for machinery and equipment and (2) Wayne performed his obligation to provide the cash rents. Again defendants and their counsel appear to demonstrate the same kind of disregard for playing straight with the facts that led to this Court's adverse comments in the Opinion.

4. Because Count VI is extremely sketchy in its allegations, this opinion must in part surmise defendants' theory from those allegations. But this Court has adhered to the Rule 12(b)(6) principle by reading those allegations most favorably to defendants. *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984).