## CHARLES FERRIMAN
### v.
## JEHU FIELDS ET AL.

1. TRESPASS—WHO ARE LIABLE.—All persons who order, direct, aid, abet or assist in the commission of a trespass, are liable for all damages, though not benefited by the act.

2. RATIFICATION.—An attorney who instructs a constable as to the manner of making a levy, and afterwards with full knowledge of the premises, receives the proceeds of the sale under such levy, ratifies and adopts the acts of the constable so as to make him a trespasser *ab initio* even if he was not a trespasser in the first instance.

APPEAL from the Circuit Court of Clay county; the Hon. JOHN H. HALLEY, Judge, presiding.

Messrs. WILSON & HUTCHINSON and C. & B. B. SMITH, for appellant; that when a sheriff makes himself a trespasser in the execution of a writ, all who direct, request, aid or abet, are joint trespassers with him, cited Wolf v. Boettcher, 64 Ill. 316.

Mr. JEHU FIELDS, for appellees.

BAKER, J.   Schlanker & Co. made a general assignment to Ferriman for the benefit of their creditors, and the assignee took possession of the property.   A week afterward Fields, as attorney for Henderson & Co. sued Schlanker & Co. and recovered a judgment against them.   Nearly a month after the assignee had taken possession under the assignment, Fields sued out an execution and delivered it to Gilbert, a constable and co-defendant herein, with directions as to levying it.   Gilbert broke open the store and seized, removed and sold goods worth $331 to satisfy the execution.   The only controversy is as to whether Fields was a joint trespasser with Gilbert.

All persons who order, direct, aid, abet or assist the commission of a trespass or the conversion of personal property, are liable for all the damages, though not benefited by the act.   A

person may be guilty of the trespass, although he does not assent to the act until after it was committed. If a person sue out execution and give a bond of indemnity to the sheriff or constable to induce him to sell the goods of another, this is a sufficient interference to make him liable; so if he be in company with the officer at the time of the execution; and so, also, if he adopt the officer's acts by receiving the goods or money. 1 Chit. Pl. 79, 80; Wolf v. Boettcher, 64 Ill. 316.

To our minds the clear weight of the evidence in this case shows that the constable in committing the trespass, was acting under the instructions of Fields; but, at all events, Fields ratified and adopted the acts of the constable. With full knowledge of the premises he took the proceeds of the sale from the constable, and refused to let the constable pay them to appellant. By this action he became a trespasser *ab initio* even if he was not a trespasser in the first instance. The court therefore erred in overruling the motion of appellant for a new trial. Inasmuch as some of the instructions given for the defendant Fields contravene the principles of law above enunciated, they are erroneous, and they probably misled the jury.

For the reasons stated the judgment is reversed and the cause remanded.

Reversed and remanded.