Cudahy v. Powell.

### Mrs. M. Cudahy
### v.
### Alice Powell.

*Malicious Prosecution — Larceny — Probable Cause — Arrest without Process—Damages—Trespass.*

1. An arrest without process must be justified in order to excuse whoever concurred in causing it.
2. All persons who order, direct, aid, abet or assist the commission of a trespass, are liable for all the damages.

3. This court will not reverse because the verdict may be against the evidence, unless it is apparent that upon another trial before a jury, the result would be different.

4. In an action brought to recover damages for causing the arrest of plaintiff upon the ground of larceny, this court declines to interfere with the verdict in her behalf.

[Opinion filed December 2, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding.

Messrs. Campbell & Custer, for appellant.

Messrs. Louis Washington and Levi Sprague, for appellee.

Gary, P. J. The single question in this case is, whether the appellee was arrested by the authority, expressed or implied, of the appellant. The appellant had lost, but has never been able to ascertain how, a valuable shawl. For six months she heard nothing of it. Then, from her sister, she learned that a lady had been seen wearing it on the street. It is useless to detail all the evidence. The appellant watched the house where the lady who was wearing the shawl had gone in. As she did not come out, the appellant and a lady friend went to the police. The final result was, that at the house of that lady friend—that lady friend and her daughter as well as the appellant being present—the police brought the appellee with her shawl; the appellant identified the shawl, and the police, without process, took the appellee to a police station where she was locked up for a couple of days.

The lady friend of the appellant seems to have been the most voluble in explaining to the police the wishes of the appellant, but on the trial, neither she nor her daughter was a witness. On a conflict of evidence, with certainly not a preponderance in favor of the appellee, the jury found for her. "This court will not reverse because the verdict may be against the evidence, unless it is apparent that upon another trial before a jury, the result would be different; and where

there is as much conflict in the evidence as this record discloses in this case, it would be mere conjecture to say another jury would find differently." East v. Crow, 70 Ill. 91–4.

This quotation is but an effort to vary the form of the proposition so often laid down, that the verdict of a jury, upon conflicting evidence, settles the facts. The appellant had the advantage of having the case tried as one for a malicious prosecution, with the burden on the appellee of proving malice and want of probable cause on the part of, as well as an arrest by, the appellant.

The arrest being without process must be justified, in order to excuse whoever concurred in causing it. 1 Ch. Pl. 133, 186, 501, Ed. 1844. "All persons who order, direct, aid, abet or assist the commission of a trespass, are liable for all the damages." Ferriman v. Fields, 3 Ill. App. 252; Roth v. Smith, 41 Ill. 314.

It was a fair question for the jury upon all the circumstances shown, whether the police, in taking the appellee to the station, were acting in accordance with directions, expressed or implied, of the appellant so to do. There is no error and the judgment is affirmed.

*Judgment affirmed.*