Carol J. Miller, Plaintiff-Appellee, v. Isidor Simon, Doing Business as I. Simon & Son, Mundelein Realty Corporation, and Ned B. Simon, Defendants-Appellants.

Gen. No. 52,425.

First District, Third Division.

September 26, 1968.

Rubenstein & Gelfman, of Chicago (Michael Levin and Harry G. Fins, of counsel), for appellants.

Arvey, Hodes & Mantynband, of Chicago (Ralph A. Mantynband, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Defendants appeal from a judgment entered in favor of the plaintiff in an action for damages for trespass to the plaintiff's realty. The case was tried before the court without a jury and the court assessed compensatory damages in the sum of $2,765 and punitive damages in the sum of $1,500.

The plaintiff is the owner of two adjacent vacant lots which were surrounded on three sides by approximately 300 lots owned by the defendant, Mundelein Realty Corporation, in the village of Mundelein, Illinois. These lots owned by Mundelein Realty Corporation were being developed as part of the Bel-Aire subdivision by Isidor Simon, doing business as I. Simon & Son, a codefendant. Isidor Simon and his son, codefendant Ned B. Simon, were officers of the Mundelein Realty Corporation.

In order to prepare its land for development and ultimate occupancy, Mundelein Realty Corporation balanced its land by removing topsoil and trees so that sewers, streets, water mains, curbs, fire hydrants and gutters could be installed. It is undisputed that in the course of this activity the defendant corporation balanced the plaintiff's property and removed topsoil and trees therefrom.

Plaintiff testified that in the fall of 1963 she went upon her property, whereupon she discovered that one of her two lots had been stripped of topsoil and that some of the trees had been removed. She immediately went to the office of the Bel-Aire concern managed by the defendant, I. Simon & Son. After informing a representative of the office that her property had been damaged, the plaintiff was told that she could "help herself" to the pile of black dirt which had been gathered from the stripping of the lots. Subsequent to this conversation, the plaintiff testified that gravel was placed upon her

8

property, that parking signs had been erected on it, and that the remainder of topsoil on her other lot had been removed. Plaintiff's attorney sent a letter to Mundelein Realty Corporation and demanded that the signs and gravel be removed and demanded reimbursement for the removal of the topsoil and the severance of the trees. Ned B. Simon responded on behalf of the corporation that the gravel and signs would be removed but also defiantly informed the plaintiff that she would be held to pay for the improvements that the defendant had made on adjacent properties to the extent those improvements enhanced the value of the two lots. The defendant made no offer to reimburse the plaintiff for the existing damage or to replace the removed topsoil and trees.

The defendants offered testimony of several real estate experts that the plaintiff's lots were in fact enhanced in value due to the surrounding improvements of the defendants. The plaintiff offered the opinion of her own real estate expert that the land was not so enhanced. There was evidence that Mundelein Realty Corporation had purchased the surrounding lots for approximately $600 per lot in December 1958, and that some of these lots were sold by them for $3,750 per lot after the spring of 1963, at which time the improvements had been installed.

It is argued by the defendants that the record is barren of any evidence with which to impose individual liability upon Isidor Simon and Ned B. Simon. The trial judge, as the trier of fact, was warranted in finding that these defendants were personally liable for the trespass. One who orders, aids, directs, abets, or assists the commission of a trespass is liable for the resultant damages, even if such an individual did not benefit from the trespass. Ferriman v. Fields, 3 Ill App 252; Northern Trust Co. v. Palmer, 171 Ill 383, 49 NE 553; Donovan v. Consolidated Coal Co. of St. Louis, 187 Ill 28, 58 NE

290. The two officers are not insulated from liability for the tortious acts of the defendant, Mundelein Realty Corporation, since it has been well established that an officer of a private corporation is liable for any tort of the corporation in which he participates or authorizes, even though he was acting for the corporation in the commission of the tortious activity. Peck v. Cooper, 112 Ill 192 (see: 3 Fletcher Cyc Corp, 849). There was ample evidence that Isidor Simon, doing business as I. Simon & Son, a sole proprietorship at the time of the trespass, directed some or all of the improvements for the Bel-Aire development. He admitted that he personally instructed the engineers in the removal of trees in the area. Ned Simon testified that he knew that the topsoil had been removed and that he even knew where the plaintiff's removed topsoil was stockpiled.

There was sufficient evidence to establish that the defendants had placed a parking sign on the plaintiff's property. However, the defendants argue that since there was no evidence that customers' cars were in fact seen parked on the property the award of $375 for the reasonable rental value of the property was erroneous. Mesne profits can be recovered when there is a trespass and a tortious holding of the property and that such damages can be ascertained by the reasonable rental value which represents the worth of use of the premises. Falejczyk v. Meo, 31 Ill App2d 372, 176 NE2d 10; Western Book & Stationery Co. v. Jevne, 179 Ill 71, 53 NE 565. The trial judge in the instant case could reasonably conclude that the placing of a "park here" sign on the plaintiff's lot was the defendants' assertion of dominion and right to use that lot for parking. This court is not willing to disturb that conclusion simply because of the fortuitous fact that either no witness saw cars parked on the premises or that no customers availed themselves of the opportunity to park on the property in question.

10

Another argument advanced by the defendants is that there was no basis for the assessment of punitive damages. There is no evidence that any of the defendants possessed a mistaken belief in good faith that they had title to the two lots at issue. The defendants, experienced realtors, never made any attempt to ascertain the ownership of these lots or the precise boundaries of their properties. After the plaintiff had orally notified the defendants of the damage, she was told defiantly that "We will build you a house. . . ." and the defendants subsequently removed even more of the plaintiff's topsoil and placed gravel upon her land. Ned B. Simon's response to the letter written by the plaintiff's attorney was appropriately termed "smart alec" by the trial judge. It also appears that defendants have made no attempt to replace the topsoil and trees.

Malice is a question of fact to be determined by the trier of fact and it can be inferred when one acts with a wanton, wilful, or reckless disregard for the rights of another. Madison v. Wigal, 18 Ill App2d 564, 153 NE2d 90; Chicago Consol. Traction Co. v. Mahoney, 230 Ill 562, 82 NE 868; West Chicago St. R. Co. v. Morrison, Adams & Allen Co., 160 Ill 288, 43 NE 393. The defiant, irresponsible, and aggravating conduct of the defendants in the case at bar amply supports an award of punitive damages.

The defendants also argue that the trial court erred in awarding compensatory damages in excess of nominal damages because the Mundelein Realty Corporation actually enhanced the value of plaintiff's property due to the improvements made upon the surrounding property. It is apparent from the record that the trial judge did not accept the plaintiff's or her expert's testimony that the value of the two lots was not so enhanced, yet he still awarded damages for the severed trees and topsoil and for the rental value of the parking lot.

11

The court finds no error in such an award since the trial judge properly treated the enhancement evidence as irrelevant. In Conklin v. Newman 278 Ill 30, 115 NE 849, it was held that the trial court properly excluded the defendant's evidence which attempted to show that his act of trespass in cutting down the plaintiff's hedge fence was beneficial to the property. On page 36 the court said:

> "Even though the removal of the hedge might be beneficial to appellee's farm as a whole, still the hedge contained material of value which was appropriated by appellants, and if she was the owner of the south half of the hedge she is entitled to recover for it. Appellee has the right to manage her own farm as she sees fit, and appellants do not have the right to interfere with that management and dictate what will or will not be beneficial to her land. *If they committed a trespass and appropriated property of value she is entitled to recover for that without regard to what effect, if any, the result of the trespass has upon her farm as a whole."* (Emphasis supplied.)

The argument of the defendants in the case at bar is even more tenuous than that of the appellants in the cited case since here the defendants are contending not that the particular act of trespass directly benefitted the plaintiff's lots but rather that the independent and unrelated acts of improvement to the surrounding properties inured to the benefit of the plaintiff thereby negating her damage sustained by their trespass. To sustain this line of argument is to give license to reckless trespassers to enter another's property, appropriate things of value therefrom and then absolve themselves of all liability by making surrounding improvements.

██ ██ Where one wrongfully severs valuable property from the land of another the latter can recover the value of the appropriated property in its severed condition. Citizens Nat. Bank v. Joseph Kesl & Sons Co., 378 Ill 428, 38 NE2d 734; Sikes v. Moline Consumers Co., 293 Ill 112, 127 NE 342. Therefore we find no error in the award of $1,890 for the removed topsoil. The award of $500 in damages for the severance of the plaintiff's fruit and ornamental trees is also supported by the instant facts and applicable authority.

For the reasons expressed above, the judgment is affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.