WALTER H. WARD, executor and individually, *vs.* ROBERT F. McGLORY & another.[1]

Worcester.   October 7, 1970. — December 8, 1970.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Real Property*, Easement, Poles and wires, Trespass.   *Damages*, For trespass.

A deed conveying a parcel of land without access to a public way other than the easement granted therein of "a right of way over other land of the grantors on the existing roadway," by its terms limited the easement to the surface of the roadway, and did not include an implied easement of necessity in the grantee to erect therein or on other land of the grantors poles and wires for the transmission of electricity to the parcel conveyed in the absence of circumstances indicating that such was the intent of the parties, nor include a right in an electric company to transmit electricity through such wires. [324–325]

A landowner entitled to removal from his land of poles and wires wrongfully erected thereon by an abutter and to an injunction against further transmission of electricity through the wires by an electric company, which had done so without the landowner's permission, was

---

[1] Massachusetts Electric Company.

entitled to damages from the abutter and the company, jointly and severally, to the extent of the reasonable value of the use made by them for each of the years that such land was so used, in addition to damages, if any, resulting from their impairment of the landowner's right to use such land. [326]

BILL IN EQUITY filed in the Superior Court on October 14, 1968.

The suit was heard by *Meagher, J.*

*Kendall Burford* for the plaintiff.

*C. A. Peairs* for the defendant McGlory.

*Channing R. Coveney* for the Massachusetts Electric Company.

KIRK, J. This is a bill in equity to require the defendant McGlory to remove two electric wire poles erected on the land of the plaintiff and to enjoin the defendant Massachusetts Electric Company from transmitting electricity across the land. The plaintiff also seeks damages.

Following a trial in the Superior Court the judge entered a decree adjudging that an easement granted in a deed executed in 1948 from the plaintiff's predecessors in title to the defendant McGlory conveyed by implication the right to erect poles and maintain electric wires on the roadway referred to in the terms of the easement and to transmit electric current by wires appropriate to the use and enjoyment of the conveyed premises. The bill was dismissed as to both defendants. The plaintiff appeals.

The case is before us on a transcript of the oral evidence, a report of material facts and documentary evidence. In these circumstances, we may find facts not expressly found by the judge but his express findings which are based in part on oral evidence will not be overturned unless plainly wrong. *Selig* v. *Wexler,* 355 Mass. 671. *McMahon* v. *Monarch Life Ins. Co.* 345 Mass. 261, 262–263. We may, however, draw our own conclusions from documentary evidence unaffected by the conclusions of the court below. *Commonwealth* v. *Wiseman,* 356 Mass. 251, 256–257, and cases cited therein.

We summarize the facts found by the judge, augmented

by facts agreed to by the parties during the trial and by documentary evidence.

The plaintiff's and McGlory's lands were formerly part of a single tract owned by James and Mary Ward, now deceased. In 1948, the Wards conveyed twenty-five acres of this tract to McGlory. The plaintiff is the Wards' successor in title to the remaining land. McGlory's land is bounded by the plaintiff's land on three sides and by other privately owned land on the fourth side. It is inaccessible to a public road except for a right of way created by the 1948 deed over the plaintiff's land. The deed recited that the conveyance was made "[t]ogether with a right of way over other land of the grantors on the existing roadway east of the barn." The roadway is a single lane dirt road which has not changed in location or condition since 1948.

In 1955, McGlory erected two poles supporting electric wires approximately ten feet from the roadway on the land of the plaintiff. The plaintiff has actively opposed the installation since 1955 but took no court action prior to the filing of the present bill. McGlory has been in the pig-raising business since 1948. He claims that electricity is necessary for its operation. Until 1955, however, he did not operate the farm in the winter and did not need electricity.

The decree cannot stand. The extent to which an express easement includes unspecified uses is determined "by the language of the grant construed in the light of the attending circumstances which have a legitimate tendency to show the intention of the parties as to the extent and character of the contemplated use of the way." *Doody* v. *Spurr*, 315 Mass. 129, 133. The easement granted by the Wards contains specific language limiting the right of way "on the existing roadway." The roadway has not changed since the creation of the easement. The defendant McGlory's rights in the easement were limited to the surface of the roadway as it has existed since 1948. *Dunham* v. *Dodge*, 235 Mass. 367, 371–372. *Frawley* v. *Forrest*, 310 Mass. 446, 451. The

installation of the poles ten feet from the road on the plaintiff's land violated the express terms of the easement and constituted a trespass.

Nor can the 1948 grant be construed to include an implied easement of necessity. An implied easement is "founded on the idea that it is the purpose of the parties that the conveyance shall be beneficial to the grantee." *Orpin* v. *Morrison,* 230 Mass. 529, 533. An implied easement of necessity, however, is not created because it is necessary to the grantee, but rather to effectuate the intent of the parties. *Home Inv. Co.* v. *Iovieno,* 243 Mass. 121, 124. In the present case, the grant contains no pole or wire easement. There are no circumstances indicating that McGlory and his grantors contemplated that the easement included the right to erect poles on or off the roadway. Although every right necessary to the enjoyment of an easement is included in it by implication (*Sullivan* v. *Donohoe,* 287 Mass. 265, 267), this court has consistently held that a general right of way "does not include the right to lay pipes or to erect structures in or upon the way." *Ampagoomian* v. *Atamian,* 323 Mass. 319, 322, and cases cited therein. We have applied this rule to electric light poles. *Crullen* v. *Edison Elec. Ill. Co. of Boston,* 254 Mass. 93, 94.

Even if the poles had been erected on the roadway, it would have been an interference with the plaintiff's rights as owner of the land. See the *Crullen* case, *supra.* It follows that the erection of the poles off the roadway is a new and additional burden on the plaintiff's land and is a trespass which can be enjoined. The case of *Cummings* v. *Franco,* 335 Mass. 639, as McGlory admits, is distinguishable.

The Massachusetts Electric Company is also responsible for a continuous trespass. It did not have permission to transmit electric current across the plaintiff's land. Although it did not install the wires or the poles, the act of connecting the wires to their source of power and continuously transmitting electricity was an affirmative voluntary intrusion onto the plaintiff's property. *Phelps* v. *Berkshire St. Ry.* 210 Mass. 49, 51. See *United Elec. Light Co.* v.

*Deliso Constr. Co. Inc.* 315 Mass. 313, 317–319. It is not necessary that the electric current cause damage to or come in contact with the land. *Smith* v. *New England Aircraft Co. Inc.* 270 Mass. 511, 522–530. Although the *Smith* case involved low flying aircraft, the principles enunciated in the case apply with equal force to the present case. Here, the electricity not only passes over the plaintiff's land, but indirectly comes in contact with it through the transmitting wires which are supported by the poles dug into the ground.

The use of the electric current together with the presence of the poles and wires prevented the plaintiff from exercising his property rights with respect to that part of his land. He is entitled to the reasonable value of the use made by the defendants for each of the years that the plaintiff's land was so used, in addition to damages, if any, resulting from the defendants' impairment of the plaintiff's right to use the land. See *Ottavia* v. *Savarese*, 338 Mass. 330, 337; *Phelps* v. *Berkshire St. Ry.* 210 Mass. 49, 51. Cf. *Flower* v. *Billerica*, 320 Mass. 193. See also McCormick, Damages, § 126, pp. 481–482. The defendants are jointly and severally responsible for damages.

The decree is reversed. The case is remanded to the Superior Court for assessment of damages and the entry of a new decree granting to the plaintiff the injunctive relief sought and awarding any damages which may be assessed.

*So ordered.*