KNOX COLLEGE, Plaintiff-Appellant, *v.* CELOTEX CORPORATION, Defendant-Appellee.

Third District   No. 82—790

Opinion filed July 8, 1983.—Modified on denial of rehearing September 19, 1983.

George V. Bobrinskoy, Jr., and Michele Odorizzi, both of Mayer, Brown & Platt, of Chicago, for appellant.

Douglas D. Mustain, of West, Neagle & Williamson, of Galesburg, Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago, and Love, Beal, Pratt, & Stombaugh, of Monmouth (James T. Ferrini, David B. McAfee, and Robert H. Mittelman, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This is the second time this case has been before this court. The first time was on plaintiff's appeal from the trial court's dismissal of its complaint on the ground that the cause of action was barred by the statute of limitations. We reversed. (*Knox College v. Celotex Corp.* (1980), 85 Ill. App. 3d 714.) The supreme court reversed our decision holding that the statute of limitations defense raised questions of fact which must be determined by the trier of fact. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407.

On remand, the defendant moved to dismiss the complaint for failure to state a cause of action. The court granted the motion with prejudice and the plaintiff appeals. Facts which are essential to an understanding of the issues raised herein will be presented as needed.

The plaintiff first makes the rather incredible argument that the supreme court decision on appeal foreclosed the trial court from taking any action on remand other than permitting the statute of limitations defense to go to the jury. Therefore, the trial court had no authority to consider and grant the defendant's motion to dismiss.

The supreme court mandate in this case stated only that the trier of fact must determine the time when the statute of limitations started to run. To say that this order prevents the trial court from ruling on the sufficiency of the complaint is nonsense. If the plaintiff's argument were given credence, then the trial court would also be without authority to order a directed verdict if the plaintiff failed to make out a *prima facie* case. There is no merit to this argument.

The plaintiff also argues that the doctrine of *res judicata* barred the trial court from considering the defendant's challenge to the sufficiency of the pleadings. The plaintiff contends that the defendant could not raise this issue on remand because the issue could have been settled had the defendant presented its pleading objections during the previous appeals.

This is a correct statement of the general rule that when an action is appealed and questions of law are decided, all questions relating to the same subject matter which could have been presented are *res judicata* whether they were presented or not. *Schneiderman v. Interstate Transit Lines, Inc.* (1948), 401 Ill. 172, 175.

■ However, the above rule does not apply in the present case since the failure of a complaint to state a cause of action can be raised at any time. (*People ex rel. Difanis v. Futia* (1978), 56 Ill. App. 3d 920.) Since the defendant's objection does not concern mere pleading technicalities but does in fact challenge the legal sufficiency of the complaint, the issue could be raised again in the trial court on remand.

■ Regardless of whether there were adequate grounds for dismissing counts I, II, and III of the complaint, the plaintiff argues that it should have been granted leave to amend and that the trial court erred in striking the complaint with prejudice. The plaintiff argues that had it been permitted to file an amended complaint, a good cause of action could have been stated. However, the record indicates that the plaintiff made no attempt to offer an amended complaint or demonstrate to the court how the pleading defects could have been cured.

Because the plaintiff failed to offer an amended complaint prior to entry of the final order dismissing the complaint with prejudice, it is now in no position to challenge the dismissal. See *Flannery v. Marathon Oil Co.* (1979), 75 Ill. App. 3d 690.

The plaintiff argues that any attempt to amend would have been futile because the complaint was dismissed with prejudice. We find that the plaintiff was given ample time to offer an amended complaint or to ask the court to reconsider its ruling.

Following a hearing on the defendant's motion to strike, the court filed a memorandum opinion indicating that counts I, II, and III were stricken with prejudice. However, the final order dismissing these counts was not entered for an additional 15 days. While this time elapsed, the plaintiff did nothing. Under these circumstances, the fact that the memorandum opinion recited that the counts were stricken with prejudice does not relieve the plaintiff from its obligation to attempt to cure the defective complaint at the trial level. By choosing not to act, the plaintiff elected to stand on the complaint.

■ This is the second time during the course of this litigation that the plaintiff has made this fatal mistake. The plaintiff also elected not to amend when the trial court dismissed various counts of the original complaint naming other defendants. On appeal, the supreme court held that since it was the plaintiff's decision not to amend, it could not say that the trial court abused its discretion in striking the complaint. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 422.) We reach the same conclusion here. By electing to stand on its second amended complaint, the plaintiff is in no position to argue that the trial court abused its discretion in striking the complaint with prejudice.

The next issue is whether the trial court had sufficient grounds for striking counts I, II and III of the complaint. This was an action for misrepresentation. The defendant had supplied roofing materials for use in the construction of a new math and science center on the plaintiff's college campus. The roof was later found to be defective. The plaintiff sued charging that the defendant had misrepresented the quality and durability of the roofing materials.

Counts I and III seek recovery based on a theory of negligent misrepresentation. These counts were stricken by the trial court for a number of reasons all of which are unimportant since we find that under the facts of this case, no cause of action for negligent misrepresentation can be stated.

In Illinois, there is no cause of action for negligent misrepresentation unless the defendant is in the business of supplying information

for the guidance of others in their business transactions with third parties. *Black, Jackson & Simmons Insurance Brokerage, Inc. v. International Business Machines Corp.* (1982), 109 Ill. App. 3d 132, 135; see *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69.

■■ The defendant here is not engaged in the business of supplying information but is simply a manufacturer and seller of roofing materials. Therefore, the court did not err in striking counts I and III.

Count II of the complaint seeks recovery based on a theory of fraudulent or intentional misrepresentation. The trial court struck this count, finding that:

> "Here again we have a long narrative account replete with conclusions without informing the defendant just what the fradulent [*sic*] statements were or how they are tied to the plaintiff.
>
> Also Count II contains two causes of action—one sounding in fraud and the other in willful and wanton negligence."

Although we do not agree with the court's finding that count II states two causes of action since we believe that the allegation of wilful and wanton conduct was merely a weak attempt to support a claim for punitive damages, it is our opinion that count II was properly dismissed for other reasons.

In support of its complaint, the plaintiff cites the following two sections of the Code of Civil Procedure: section 2—603(c): "Pleadings shall be liberally construed with a view to doing substantial justice between the parties" (Ill. Rev. Stat. 1981, ch. 110, par. 2—603(c)); section 2—612(b): "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet" (Ill. Rev. Stat. 1981, ch. 110, par. 2—612(b)).

■■ Even a "liberal reading" of the plaintiff's complaint will not cure its many faults. Count II is legally insufficient due to a number of defects in form and substance the cumulative effect of which is to render the complaint incapable of reasonably informing the defendant of the nature of the claim it is called upon to meet.

The elements of fraudulent misrepresentation are haphazardly set out in 28 paragraphs and subparagraphs which make up nine pages of text. The allegations consist of excessively verbose narratives replete with legal conclusions which are not supported by sufficient facts. In order for the defendant to be able to answer the pleadings and plan a defense, it would virtually have to rewrite the complaint. The defendant is not required to do so.

It is unfortunate that the plaintiff chose not to amend since we believe that a good cause of action could have been stated after extensive amendment. But as we have already noted, by not tendering an amended complaint, the plaintiff invited the trial court to dismiss the complaint with prejudice. Therefore, we have no choice but to affirm the judgment of the circuit court of Knox County.

Affirmed.

ALLOY and SCOTT, JJ., concur.