THOMAS DIETZ, and all other persons similarly situated, Plaintiffs-Appellants, v. ILLINOIS BELL TELEPHONE COMPANY, Defendant-Appellee.

First District (1st Division)   No. 86—1279

Opinion filed March 16, 1987.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, Maurice M. Grimes, Alvin R. Becker, and Steven P. Garmisa, all of Chicago, for appellants.

Edward Butts and Patrick J. Kilroy, Jr., both of Chicago, for appellee.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

The plaintiff, Thomas Dietz, filed a class action complaint in the circuit court of Cook County seeking to hold the defendant, Illinois Bell Telephone Company (IBT), liable for trespasses to land allegedly committed by Continental Cablevision of Cook County, Inc. (Continental) and other cable television (CATV) companies. The CATV companies, it was asserted, used IBT's telephone poles and conduits while placing their cables on or over plaintiff's land and the land of other class members without permission of the plaintiff and the class members. IBT filed a motion to strike and dismiss the plaintiff's complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) contending that the complaint failed to state a cause of action. Following a hearing, the trial judge granted IBT's motion, ruling that the facts alleged in the plaintiff's complaint did not make IBT an aider or abettor to the alleged tortious conduct of Continental or any other CATV company. The judge gave the plaintiff 28 days in which to file an amended complaint. However, after the plaintiff informed the court of his election to stand on his complaint, the court dismissed the complaint with prejudice. Plaintiff appealed.

The issue presented by this appeal is whether the trial court erred when it dismissed the plaintiff's complaint for failure to state a cause of action.

In his one-count complaint, the plaintiff alleged that he owned and resided upon certain real estate in Elmhurst, Illinois, and that no easement had been granted to permit entry or use of the premises by any CATV company. It was further alleged that IBT had entered into licensing agreements with numerous CATV companies permitting the companies to use IBT's telephone poles and conduits to install their cables in exchange for certain fees that were to be paid to IBT. The plaintiff attached to the complaint one such license agreement between IBT and Continental.

The licensing agreement provided that Continental could use IBT's facilities to erect and maintain a CATV system in Du Page County, Illinois. Continental was to pay an annual fee to IBT based upon the number of telephone poles and feet of conduit Continental used, i.e., $4.43 per pole and $3.32 per foot of conduit. Furthermore, the agreement between IBT and Continental specifically provided:

"[Continental] shall be responsible for obtaining from the appropriate public and/or private authority any required authorization to construct, operate and/or maintain its communications facilities on public and private property at the location of

[IBT's] poles and conduit system which [Continental] uses. [IBT] reserves the right to terminate an existing license or refuse to grant a new license where such evidence is unsatisfactory."

The plaintiff asserted in his complaint that Continental had committed a trespass by stringing its cables across plaintiff's land without his permission. He also alleged that Continental and other CATV companies similarly placed their cables on or over other class members' lands without permission. The plaintiff stated in the complaint that he had notified IBT that Continental was trespassing on his land. He further asserted that IBT knew the CATV companies were entering the class members' land without permission to install their cables and that IBT had failed to remove the cables tortiously placed upon the class members' lands by the CATV companies.

The plaintiff also contends that IBT had known with substantial certainty, as a result of its agreeing to allow the CATV companies to use its poles, that the CATV companies would trespass onto the class members' lands. Furthermore, IBT had substantially assisted the CATV companies in the commission of the trespasses, and continued to assist the CATV companies after learning of their trespasses, and that, therefore, IBT had unjustly benefitted by its wrongdoing with the fees it collected, and continues to collect, from the CATV companies.

The plaintiff requested that the action be certified as a class action, that a declaratory judgment be entered finding IBT liable for the trespasses committed by the CATV companies, that an order be entered imposing a constructive trust on the funds IBT received for permitting the CATV companies to use its facilities, and that IBT also be ordered to make restitution in an amount equal to the fees that IBT collected from the CATV companies.

■ In determining whether a complaint states a cause of action, a court must take all well-pleaded facts as true (*Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278, 499 N.E.2d 1319); however, a court does not accept as true conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest (*Tru-Link Fence Co. v. Reuben H. Donnelley Corp.* (1982), 104 Ill. App. 3d 745, 432 N.E.2d 1188).

As our supreme court said in *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005:

"Illinois is a fact-pleading State. This means that although pleadings are to be liberally construed and formal or technical

allegations are not necessary, a complaint must, nevertheless, contain facts to state a cause of action. [Citation.] ***.

To pass muster a complaint must state a cause of action in two ways. First, it must be legally sufficient; it must set forth a legally recognized claim as its avenue of recovery. When it fails to do this, there is no recourse at law for the injury alleged, and the complaint must be dismissed. [Citations.] Second and unlike Federal practice, the complaint must be factually sufficient; it must plead facts which bring the claim within the legally recognized cause of action alleged. If it does not, the complaint must be dismissed. [Citation.]"

The plaintiff claims that the complaint here clearly states a cause of action against IBT for trespass to land. He asserts that IBT is liable to the class members for trespasses to their lands since IBT substantially assisted the CATV companies by permitting the use of its telephone poles, conduits, and facilities. He cites *Miller v. Simon* (1968), 100 Ill. App. 2d 6, 241 N.E.2d 697, *Donovan v. Consolidated Coal Co.* (1900), 88 Ill. App. 589, *Ferriman v. Fields* (1878), 3 Ill. App. 252, and the Restatement (Second) of Torts sec. 877 (1965) as support for his claim. The plaintiff argues that his complaint does contain sufficient factual allegations which, if proved, establish that Continental and the other CATV companies trespassed by placing cables over or under his land and the land of other class members. He further contends that IBT substantially assisted those companies in committing the trespasses by permitting them to use its telephone poles and conduits, that IBT knew that the CATV companies would use its poles and conduits to commit trespasses, and that IBT, therefore, knew with substantial certainty that its actions would result in these trespasses. Hence, he concludes that the trial court improperly dismissed his complaint since nothing more, he submits, is required to state a valid cause of action against IBT for trespass to land. Additionally, the plaintiff submits that, in any event, IBT ratified the tortious conduct of Continental and the other CATV companies by accepting, and continuing to accept, fees for permitting the use of its poles and conduits after it knew of the trespasses by the CATV companies. Accordingly, the plaintiff concludes it was error for the trial court to dismiss his complaint.

The defendant, IBT, on the other hand, claims that the plaintiff's complaint consists almost exclusively of legal and factual conclusions which are unsupported by specific facts. It asserts that the only facts alleged relating to IBT's conduct is that IBT entered into licensing agreements which permitted Continental and other CATV companies

to use its telephone poles and conduits in order to install and maintain their CATV systems. IBT contends that this conduct is insufficient to hold IBT liable for trespasses to land by the CATV companies. The cases cited by the plaintiff in support of his claim, IBT argues, are readily distinguishable from this situation, inasmuch as in those cases, *Miller, Donovan,* and *Ferriman,* the persons found liable for trespass had either directed or controlled the trespasses themselves or had intended for third parties to commit the acts which resulted in the trespasses.

Furthermore, IBT asserts that the terms of its agreement with Continental expressly negate plaintiff's claims that it intended to induce Continental to trespass or that IBT knew with substantial certainty that its conduct would result in Continental committing a trespass. Thus, IBT asks this court to affirm the trial court's order dismissing the complaint for failure to state a cause of action.

■■ ■ We agree with the trial court that the plaintiff failed to plead sufficient facts to state a cause of action against IBT. Trespass is an intentional invasion of the exclusive possession and physical condition of land. (*Colwell Systems, Inc. v. Henson* (1983), 117 Ill. App. 3d 113, 116, 452 N.E.2d 889; see Restatement (Second) of Torts, ch. 7, at 275 (1965).) One can be liable in trespass for an intrusion by a thing or third person if he acts with knowledge that his conduct will, to a substantial degree of certainty, result in the intrusion. In other words, a person must know with a high degree of certainty that the intrusion will naturally follow from his act before liability for trespass attaches. (See *Dial v. City of O'Fallon* (1980), 81 Ill. 2d 548, 554-56, 411 N.E.2d 217.) Thus, a person who aids, abets, assists, or directs the commission of a trespass by another is liable for trespass. See *Miller v. Simon* (1968), 100 Ill. App. 2d 6, 241 N.E.2d 697.

■ However, the complaint here contains no factual allegations which, if proved, would establish that IBT intended or knew with a high degree of certainty that by granting the licenses Continental and the other CATV companies would fail to seek permission before entering onto plaintiff's class' lands, as they were required to do under the terms of the license agreements, and, therefore, trespass upon plaintiff's land and on other class members' lands. There are no factual allegations that would indicate that trespass would naturally follow from IBT's actions. The plaintiff merely concludes in his complaint that IBT knew that Continental and the other CATV companies would trespass. These conclusions are not supported by specific factual allegations and, therefore, may not be considered by this court in examining the legal sufficiency of the complaint. *Doyle v. Shlensky* (1983),

120 Ill. App. 3d 807, 811, 458 N.E.2d 1120.

The defendant correctly observes that the only factual allegation regarding IBT's conduct is that it entered into licensing agreements with Continental and other CATV companies and permitted, under certain circumstances, the use of IBT's poles and conduits. This conduct alone does not make IBT an aider or abettor to any subsequent trespass committed by the CATV companies contrary to the express terms of the agreement.

The situation presented here, as contended by the defendant, is distinguishable from the cases cited by the plaintiff to support the claim that the defendant substantially assisted Continental and other CATV companies in their tortious conduct.

In *Miller v. Simon* (1968) 100 Ill. App. 2d 6, 241 N.E.2d 697, two corporate officers were found personally liable for trespass when, during the development of land owned by the corporation, trees and topsoil were removed from the plaintiff's adjacent land. The court there found the officers liable where one of the officers had personally instructed the engineers to remove the trees and the other officer knew of the removal of the topsoil for the benefit of the corporation's land and also knew where the soil had been stockpiled, but said or did nothing under those circumstances.

In *Donovan v. Consolidated Coal Co.* (1900), 88 Ill. App. 589, *aff'd* (1900), 187 Ill. 28, 58 N.E. 290, the defendant leased out two parcels of land for the purpose of removing coal even though he knew he, in fact, only owned the mineral rights to one and that the plaintiff owned the mineral rights to the other. Under these circumstances, the court, over the defendant's claims that he mistakenly included the plaintiff's coal in the lease, found that the defendant had requested, aided, and abetted the trespass when the tenants removed the plaintiff's coal. The court there noted that the defendant had put the third party into possession of the land with the sole purpose of allowing the third party to mine the coal from both parcels, when the defendant knew at the time he granted the third parties the right to remove coal from both parcels that he did not own both.

In *Ferriman v. Fields* (1878), 3 Ill. App. 252, an attorney was held liable for trespass after improperly causing a constable to execute a levy on a certain piece of property to satisfy a judgment. The court found that the attorney was a joint tortfeasor, since the attorney had ratified the tortious conduct of the constable by taking the proceeds from the trespass with full knowledge of the circumstances and also by his action in prohibiting the constable from giving the proceeds to the proper party.

�oo▮ ▮ In all those cases, the defendants either authorized or instructed the third party to do something, directed the third party's conduct, or accepted the proceeds of the trespass with full knowledge of illegality. Here, however, there is no allegation that IBT either instructed or directed Continental or the other CATV companies. IBT did not, in any way, participate with the CATV companies in the trespass. Additionally, we disagree with the plaintiff's argument that IBT ratified the tortious conduct of the CATV companies by collecting its fees under the licensing agreements after the trespass. The plaintiff characterizes these fees as the "fruits of the trespasses." We disagree and find no merit to the plaintiff's additional contention that the defendant has been unjustly enriched by these fees. The plaintiff claims that he and the other class members seek restitution of the funds IBT allegedly earned illegally from aiding and abetting the intentional trespass of the CATV companies, *i.e.*, the license fees that were paid to IBT under its agreement with the CATV companies. The license fees paid to IBT have no relationship to the detriment or alleged injury to the lands of the plaintiff or other class members or to the benefit to the CATV companies by the alleged trespass. On the contrary, we find that the fees collected by IBT are not the proceeds of some asserted tortious act, but, rather, are merely fees paid pursuant to the agreement hereto " 'ensure that both cable television operators and utility customers bear reasonable shares of the costs incurred by utilities in constructing, maintaining and owning their pole facilities.' " (*Cable Television Co. v. Illinois Commerce Com.* (1980), 82 Ill. App. 3d 814, 819-20, 403 N.E.2d 287, quoting *General Telephone Co. v. Public Service Com.* (1978), 63 A.D.2d 93, 97, 406 N.Y.S.2d 909, 912.) Thus, the fees relate to the cost of the IBT poles and have nothing to do with the CATV companies' use of, or right to use, plaintiff's property. Furthermore, plaintiff's claim for unjust enrichment damages sought here, *i.e.*, the licensing fees collected by IBT, would go beyond the scope of just compensation, even· if the defendant had aided or abetted the trespass, and would result in an improper windfall to the plaintiff and other class members. See *Pacemaker Food Stores, Inc. v. Seventh Mont Corp.* (1986), 143 Ill. App. 3d 781, 790, 493 N.E.2d 390.

▮▮ Accordingly, we find the facts alleged in the plaintiff's complaint fail to state a cause of action for trespass to land against IBT, and, hence, the trial court properly struck the plaintiff's complaint. Of course, the determination of whether to grant leave to amend is within the sound discretion of the trial court under such circumstances. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430

N.E.2d 976, *appeal after remand* (1983), 117 Ill. App. 3d 304, 453 N.E.2d 8.) Here, the trial court did grant the plaintiff leave to file an amended complaint, but it was the plaintiff's decision to stand on his complaint and permit a judgment to be entered against him. Therefore, we cannot say that the trial court abused its discretion in dismissing the complaint and plaintiff's cause of action under these circumstances. See *Knox v. Celotex Corp.* (1981), 88 Ill. 2d 407, 422, 430 N.E.2d 976, *appeal after remand* (1983), 117 Ill. App. 3d 304, 307, 453 N.E.2d 8.

For the reasons stated above, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.