**Robert OXFORD III, and Joseph D. Johnson, Jr., Plaintiffs,**

v.

**WILLIAMS COMPANIES, INC., et al., Defendants.**

**No. Civ.A. 1:99–CV–648.**

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 6, 2001.

---

George Michael Jamail, Wayne A. Reaud, Reaud Law Firm, Beaumont, TX, H. Jerome Gette, Brad Eugene Brewer, Zelle, Hofmann, Voelbel & Gette, Dallas, TX, Gilbert Irvine Low, Orgain, Belle & Tucker, Beaumont, TX, Nels J. Ackerson, James R. Baarda, David A. Cohen, The Ackerson Group, Washington, DC, Henry J. Price, Price, Potter, Jackson & Mellowitz, Indianapolis, IN, Marc Fiedler, Roger C. Johnson, Koonz,McKenney, Johnson, DePaolis & Lightfoot, Washington, DC, Richard M. Hagstrom, John B. Massopust, Zelle, Hoffman, Voelbel & Gette, Minneapolis, MN, for Plaintiffs.

Lawrence Louis Germer, Germer & Gertz, Beaumont, TX, William Robert Pakalka, Gerard G. Pecht, Anne M. Rodgers, Stephen K. Carroll, Fulbright & Jaworski, Houston, TX, for Williams Companies, Inc., Williams Holdings of Delaware, Inc., Williams Communications Group, Inc., Williams Communications Solutions, LLC, Williams Telecommunication Systems, Inc., and Transcontinental Gas Pipe Line Corp.

Fred Lee Butler, Adams & Reese, Houston, TX, David Handzo, Elizabeth Appel Blue, Jenner & Block, Washington, DC, Kevin P. Gallagher, Thomas F. O'Neill, III, MCI Worldcom, Inc., Washington, DC, for MCI Worldcom, Inc., Worldcom Network Services, Inc., MFS Communications Co., Inc., MFS Network Technologies, Inc., MFS Telecom, Inc., MFS Datanet, Inc., Metropolitan Fiber Systems of Dallas, Inc., Metropolitan Fiber Systems of Houston, Inc., and UUnet Technologies, Inc.

## MEMORANDUM OPINION

COBB, District Judge.

Before the Court are Plaintiffs' Motion to Remand [13], Defendants' Motion to Dismiss Defendants Transco and Solutions [23], and Defendants' Motion to Set the Order of Determination of Pending Motions [32–1]. The Motion to Set the Order seeks to have the Motion to Dismiss considered before the Motion to Remand. Whether Defendants Transco and Solutions were fraudulently joined will determine whether this case may be remanded; therefore, the Motion to Set the Order is hereby GRANTED. Further, this Court, having reviewed the motions and responses on file, is of the opinion that the Motion to Dismiss Defendants Transco and Solutions be GRANTED and that the Motion to Remand be DENIED. Finally, this Court holds that the putative class of plaintiffs cannot be certified under Fed. R.Civ.P. 23 and federal case law.

### I. Background.

The complaint attacks the creation of a fiber optic cable ("FOC") network which was built by the primary Defendant ("Williams") and sold to MCI WorldComm ("MCI") in 1995. The network was built along easements and rights of way which were procured from various railroad and utility companies. These FOC's exist in Texas and in several other states, each governed by the unique property and trespass laws of the respective states.

The two named Plaintiffs (Oxford and Johnson) contend that the original interests in land were limited to railroad and utility placement with no rights extending to the installation of the FOC network. Oxford and Johnson own land in Jefferson County, Texas. They seek to represent a proposed class of all land owners in the United States whose land is subject to an easement held by a railroad, pipeline, en-

ergy or other utility company, which Williams allegedly used without obtaining consent or paying compensation for installation and maintenance of the FOC network.

Oxford and Johnson assert causes of action for trespass, unjust enrichment and slander of title and property, and seek declaratory relief concerning the rights to land in which they own interests. Williams timely removed the action to federal court. Oxford and Johnson now move to remand the case, asserting that this Court has neither federal question jurisdiction nor diversity jurisdiction. The latter assertion is based on their joinder of two Texas business entities as additional. Defendants; Transcontinental Gas Pipe Line Corporation (Transco) and Williams Communications Solutions L.L.C. (Solutions).

Transco is in the natural gas transmission business, owning rights of way and easements on land where its pipeline runs. Williams bought Transco on May 1, 1995, with the proceeds of the sale of Williams' FOC to MCI, making Transco a wholly-owned subsidiary. Within three years, Williams constructed a new FOC network located on Transco's existing property interests. This new network connects Houston, Atlanta and Washington, D.C., but has not been installed in Jefferson County, where plaintiffs own land.

Oxford and Johnson contend that Transco has been involved in the FOC business for years, based on various press releases and articles discussing Williams' acquisition of and association with Transco. These materials[1] discuss Williams' purchase of Transco and its use of Transco's pipeline rights of way to build the Houston to Atlanta FOC network. The exhibits do not, however, rebut the affidavit of Transco Vice President James Avioli, stating that none of the Transco pipelines carrying Williams' FOC run through Jefferson County. Thus, while Transco pipelines may run through Oxford and Johnson's land, none of those carry the FOC network.

Solutions is a Delaware LLC formed on April 30, 1997, by a merger between Williams Telecommunications Systems, Inc., and Nortel Communications Systems. It is a subsidiary of Williams Communications Group, a holding company owned by Defendant Williams Companies. Its principal place of business is in Texas. Solutions designs, installs and maintains "Customer Premises Equipment" or private phone networks for businesses up to the point at which the internal network connects to the local exchange carrier (i.e., Southwestern Bell, Bell Atlantic, etc.), which then connects to a retail carrier (i.e., AT & T, MCI, or Sprint). Part of its product package is the sale of third parties' (i.e., Concentric and Unidial) long distance and local Internet service, contractually using Williams' and MCI's network. Solutions also has a National Technical Resource Center in Houston which uses the FOC network to remotely monitor customers' internal networks.

Oxford and Johnson claim these arrangements prove that Solutions "both utilizes and profits from the Defendants' fiber optic network, part of which indisputably runs across the Plaintiffs' land." Plaintiffs' Reply Memorandum at 13.

Williams contends that Oxford and Johnson fraudulently joined Transco and Solutions as Defendants and therefore moves to dismiss the two businesses from the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

1. Entered as Exhibits H through L.

## II. Motion to Dismiss Under Fed. R.Civ.P. 12(b)(6).

Plaintiffs Oxford and Johnson claim injury by reason of trespass, slander of title and unjust enrichment attributed to Transco and Solutions. Defendant asserts that none of those causes of action are valid as against Transco and Solutions and therefore the plaintiffs have failed to state a claim under Rule 12(b)(6), requiring dismissal of the two defendants from this case.

### A. Trespass.

Plaintiffs claim trespass liability against Solutions and Transco in three ways: joint trespass and ratification; common enterprise; and continuing trespass. They do so despite uncontradicted affidavits provided by the defendants that neither Solutions nor Transco entered, installed, or maintained FOC on the named plaintiffs' lands.

### 1. *Joint Trespass and Ratification.*

■ Plaintiffs claim Transco and Solutions are joint trespassers because of their use of MCI's FOC network, part of which runs through Jefferson County. Under Texas law, one who aids or encourages a trespass or subsequently ratifies a trespass may be liable even without personal participation in the actual trespass. *See Parker v. Kangerga,* 482 S.W.2d 43, 47 (Tex.Civ.App.-Tyler 1972, writ ref'd n.r.e.). However, while Texas law extends trespass liability to persons who cause another to enter upon someone else's property, this is limited to situations in which the actual trespasser either was directed by or relied on the representations of another. *See Plebeian Partners, Ltd. v. McCorkle,* No. 9–989–320CV, 1999 WL 199641 (Tex.App.Beaumont April 1, 1999)(per curiam). In the absence of actual entry on land, Texas courts have limited trespass liability to parties who have authority to eliminate the trespassing condition. *See First American Title v. Willard,* 949 S.W.2d 342 (Tex.App.-Tyler 1997, writ denied). Here, neither Solutions nor Transco entered or caused anything to be entered on the named plaintiffs' lands. Further, the named plaintiffs have not shown that either defendant had the authority to eliminate any alleged trespass on their lands.

■ The named plaintiffs also argue that Transco ratified the trespass by using its rights of way to build a separate Houston to Washington D.C. network, which connects to the MCI network crossing Jefferson county. However, a party does not incur trespass liability merely by doing business with a trespasser. *See* 70 Tex. Jur.3d § 11 p.414. Other courts have required that the party accept the proceeds of the trespass with full knowledge of illegality. *See* 75 Am.Jur.2d Trespass § 68 (1991). The mere appropriation of the fruits of the trespass without knowledge is not enough. *Id.; see e.g., Dietz v. Illinois Bell Tel. Co.,* 154 Ill.App.3d 554, 107 Ill. Dec. 360, 507 N.E.2d 24, 27 (1987). Plaintiffs claim Transco benefitted from the expanded network. However, the named plaintiffs have not shown that Transco had any knowledge of, accepted any benefit from, or had any authority to eliminate any alleged trespass in Jefferson County.

These points apply even more strongly to Solutions. Plaintiffs argue that Solutions ratified the trespass by profiting from the use of the network to sell long distance service as a part of its package from vendors who are obligated to use the FOC network. Also, plaintiffs argue that Solutions uses the FOC network to monitor its operations and that Solutions' products and services would be useless without the FOC network. However, there is no showing that Solutions knew about or accepted the benefits of the trespass. Holding Solutions liable on a trespass theory

would allow named plaintiffs to sue every public carrier whose customers place phone calls and send their light beams through the cable.

### 2. *Common Enterprise or Joint Venture Liability.*

The named plaintiffs have not attempted to show that either Transco or Solutions have met any of the traditional requirements for common enterprise or implied partnership liability, such as: common employees, agreement to share in losses, mutual right of control, or use of the corporate form as a sham or fraud. *See Coastal Plains Dev. Corp. v. Micrea, Inc.,* 572 S.W.2d 285, 287 (Tex.1978). Therefore, any possible claim of common enterprise or joint venture creating liability is unsupported.

### 3. *Continuing Trespass.*

■ Oxford and Johnson assert Transco and Solutions are engaging in a continuing trespass by transmitting data over the FOC network which traverses Jefferson County. They cite *Ward v. McGlory,* 358 Mass. 322, 265 N.E.2d 78,80 (1970) and *City of Shawnee v. AT & T Corp.,* 910 F.Supp. 1546, 1561 (D.Kan.1995) (citing *Ward*) for the proposition that the transmission of electricity or data pulses through cables which were installed by trespass is itself a continuing trespass. The *Ward* and *AT & T* courts held that the owners of the cables not only committed trespass by installing the offending cable, but also committed a continuing trespass by transmitting electricity (*Ward*) or pulses of information (*AT & T*) through the wires. However, the element of control over the placement of the cables on plaintiffs' lands is lacking here. Neither Transco nor Solutions owns the cable and thus has not caused a "thing" to enter onto the named plaintiffs' lands. To the extent that *Ward* might support extending trespass liability to parties who do not exercise any sort of control over the initial trespass, Texas law does not go that far. *See First American Title,* 949 S.W.2d at 350 (no joint trespass where defendant had no authority to eliminate the trespassing condition); *see also Malouf v. Dallas Athletic Country Club,* 837 S.W.2d 674, 676 (Tex.App.-Dallas 1992, writ dism'd w.o.j.) (no trespass where golfers and golf course owners did not intend to enter plaintiffs' lands).

Taking these three trespass issues in concert, while Solutions or Transco may have transmitted information across the named plaintiffs' lands as a user of the MCI FOC network, that is insufficient to confer trespass liability under Texas law. Neither company had control over the path their signal took. This Court believes that a Texas court would not extend trespass liability to one who had merely used the FOC network.

### B. Slander of Title and Unjust Enrichment.

■■ Plaintiffs cannot assert a cause of action for slander of title. Under Texas law, the plaintiff must show (1) the uttering and publishing of disparaging words; (2) that they were false; (3) that they were malicious; (4) special damages were sustained; (5) that the plaintiff possessed an estate or interest in the property disparaged; and (6) the loss of a specific sale. *See Williams v. Jennings,* 755 S.W.2d 874, 879 (Tex.App.-Houston [14th Dist.] 1988, writ denied). Here, the requirement to "utter and publish" turns on the validity of the trespass claim. If neither Solutions nor Transco had anything to do with the named plaintiffs' lands, then the plaintiffs have no claim as there could not have been an utterance and publication. Further, plaintiffs have failed to plead the loss of sale of a specific piece of property, as required under Texas law. *See Pampell*

*Interests, Inc. v. Wolle,* 797 S.W.2d 392, 395 (Tex.App.-Austin 1990, no writ).

■ Unjust enrichment is not an independent cause of action but is instead a measure of damages which places the aggrieved plaintiff in the position he occupied prior to dealing with the defendant. *See LaChance v. Hollenbeck,* 695 S.W.2d 618, 620 (Tex.App.-Austin 1985, writ ref'd n.r.e); *Burlington Northern R.R. Co. v. Southwestern Electric Power Co.,* 925 S.W.2d 92, 96–97 (Tex.App.-Texarkana), *aff'd* 966 S.W.2d 467 (Tex.1998). Therefore, there is no "cause of action" based on a "claim" of unjust enrichment against Transco and Solutions, Additionally, no cause of action vests from a petition for a declaration of rights when there is no underlying trespass liability.

## C. Dismissal.

On these bases, plaintiffs' causes of action for slander of title and unjust enrichment are inapplicable to Transco and Solutions and are dismissed.

## III. Jurisdiction and Motion to Remand.

## A. Diversity Jurisdiction and Plaintiffs' Standing under Fed.R.Civ.P. 12(b)(1).

■ Williams asserts that Oxford and Johnson fraudulently joined Transco and Solutions as Defendants to defeat diversity jurisdiction. As the removing party, Williams has the "heavy burden of proving that the non-diverse defendants have been fraudulently joined to defeat diversity." *See Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995). Williams must either show that there is no possibility that Oxford and Johnson would be able to establish a claim against the non-diverse defendant under state law, or that there has been outright fraud in their pleading of jurisdictional facts. *See Green v. Amerada Hess Corp.* 707 F.2d 201, 205 (5th Cir.1983). Since Williams does not assert the latter, it must show the former. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources Ltd.,* 99 F.3d 746, 751 (5th Cir.1996). The court must evaluate all factual allegations and ambiguities in favor of the plaintiff, using the controlling state law, *See Id.; Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir.1995). Plaintiffs cannot avoid a finding of fraudulent joinder by asserting a mere hypothetical possibility of a cause of action against the non-diverse defendants. *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir.1999).

■ Oxford and Johnson argue that, even if they have no direct claim, the potential claims of the unnamed plaintiffs should be considered in determining whether a non-diverse defendant has been fraudulently joined. They so argue because they claim Transco's rights of way have been used to install FOC in other parts of Texas and the United States, Therefore, they say, there might be members of the potential class who are Texas residents with the possibility of a claim. On that basis, plaintiffs assert that the claims of the class of unnamed plaintiffs establishes a cause of action against the non-diverse defendants (Transco and Solutions) to destroy diversity jurisdiction. The defendants counter that the named plaintiffs have no standing under Fed. R.Civ.P. 12(b)(1) to assert any such claim on behalf of any unnamed and unknown plaintiff. Federal case law supports the defendants' position, whether as a matter of establishing the limits of a class under Fed.R.Civ.P. 23 or under 12(b)(1). This Court agrees that the named plaintiffs' argument is without merit and any such potential claims will not be considered.

Plaintiffs base their argument on *Jacobson v. Ford Motor Co.,* No. 98 C 742, 1999 WL 966432 (N.D.Ill. Sept.30, 1999). How-

ever, the *Jacobson* court looked *only* to the named parties in its fraudulent joinder analysis. That court found defendant GLM fraudulently joined when the named plaintiff had no cause of action against GLM, though some of the proposed class did have a potential claim. *See Id.* at *7. The court noted, "Nevertheless, as the court has found that the named plaintiff, Jacobson, has no possibility of success against GLM on any of the counts in her complaint, the class claims cannot survive. Jacobson has provided this court with no authority to suggest that class claims survive in the absence of a named plaintiff, and the court is aware of none." *Id.* at *9. This Court agrees.

A court will look only to the named parties to determine diversity in a class action. *See Snyder v. Harris,* 394 U.S. 332, 340, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Supreme Tribe of Ben–Hur v. Cauble,* 255 U.S. 356, 366, 41 S.Ct. 338, 65 L.Ed. 673 (1921). This is based in part on procedural necessities. *See* 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1755 (2d ed. 1986) ("... Rule 23 would be unworkable in the diversity context and its value significantly compromised if the citizenship of all the class members, many of whom may be unknown, had to be considered in establishing jurisdiction.").

Extending this precept to fraudulent joinder analysis, the focus should remain on the named plaintiffs and defendant. *See Rogers v. All American Life Ins. Co.,* No. Civ. A. 3:97–CV–3084P, 1998 WL 401599 at *6 (N.D.Tex. July 9, 1998). Other courts have held similarly. *See Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998) (holding that focus on the claims of the unnamed plaintiffs would be inconsistent with the well-settled rule that a court should only consider the citizenship of the named parties); *Atchison v. Woodmen of the World Ins.*

*Society,* 982 F.Supp. 835, 838 (S.D.Ala. 1997) (noting that looking to the claims of the unnamed plaintiffs ignores years of "Supreme Court precedent that complete diversity is required between the named plaintiffs and named defendants in a federal class action."); *Dorsey v. The Manufacturers Life Ins. Co.,* 1997 WL 703354, *6, No. 97–2389, 1997 U.S. Dist. LEXIS 18401, *19 (E.D.La. Nov. 12, 1997) (noting that "for the purposes of diversity, the court's examination is limited to the named plaintiffs and defendants. In the absence of controlling authority to the contrary, the named plaintiffs and defendants are also the focus of the court's fraudulent joinder inquiry.").

As discussed, *supra,* neither Oxford nor Johnson has a valid direct claim to assert against either of the defendants based on the laws of trespass and slander of title in the State of Texas. Since the potential claims of unnamed plaintiffs in the putative class cannot be entertained, Oxford and Johnson have no standing under which to bring any claim against Transco and Solutions in this action. For that reason, this Court finds that Transco and Solutions have been fraudulently joined and will be dismissed in accordance with Fed.R.Civ.P. 12(b)(1) as well as under 12(b)(6). On that basis, there are no non-diverse defendants and this Court will retain diversity jurisdiction.

## B. Federal Question Jurisdiction.

Even if diversity were not complete, this Court would also retain jurisdiction since the complaint presents a federal question. Another recent case with substantial similarity to the case at bar involved a suit by landowners alleging defendants trespassed in the installation of their FOC network. This Court held the plaintiffs' claims in that case involved a substantial question of federal law because the

plaintiffs' claims turned on interpretation of federal railway statutes such as the Pacific Railroad Act, creating federal question jurisdiction. *See Drawhorn v. Qwest,* 121 F.Supp.2d 554 (E.D.Tex.2000). That holding applies with equal force to the present case and presents an alternate ground for this Court's subject matter jurisdiction.

## IV. Certification of Class Action.

Plaintiffs purport to establish a national class action representing all those with similar potential causes of action against the defendants (i.e., all the remaining defendants in this case). They have not applied to this Court for class certification under Fed.R.Civ.P. 23, although they did so in their original petition in state court. Since this case has been determined to properly be within the jurisdiction of this Court, it is appropriate to address the issue *sua sponte.* Adjudication of such a class would require application of each pertinent states' and the District of Columbia's trespass. property and remedies laws. That could involve fifty-one trespass (and related conduct) statutes, fifty-one sets of property laws, fifty-one statutes of limitations, and an individual by individual review of each plaintiff's claim as against all of the remaining defendants herein ("Williams et. al.") As a practical matter, that would be an unmanageable task for this, or any, court. *See Castano v. American Tobacco Co.,* 84 F.3d 734, 744–45 (5th Cir.1996). Before any purported class action may proceed, it is plaintiffs' burden to provide an adequately detailed and reasonable plan showing how this case can be managed given multiple causes of action and the varying effects of local law in the fifty-one jurisdictions on each such claim.

Choice of law issues in a case so potentially wide-spread geographically can swallow the case. In a multi-state class action, variations in state law may swamp any common issues. *See Castano,* 84 F.3d at 741 (citing *Georgine v. Amchem Prods.,* 83 F.3d 610 (3d Cir.1996)). With probably thousands of plaintiffs and the requirement to apply the various state laws pertaining to each individual cause of action, damages and respective statute of limitation, predominance and superiority in such a class action can not be achieved. Given such a massive choice of law problem, neither can this Court see a satisfactory manner how it can manage such litigation. For these reasons, class certification in this case is DENIED.

## V. Conclusion.

The named plaintiffs have no cause of action against Transco or Solutions and the potential claims of unnamed plaintiffs may not be considered. Without more, Oxford and Johnson cannot show the possibility of a cause of action against either of these two defendants. Therefore, Transco and Solutions have been fraudulently joined and will be dismissed.

Since Transco and Solutions are dismissed from the case as fraudulently joined, and they were the only non-diverse defendants named, diversity exists between the parties and this Court has jurisdiction on that basis.

It is therefore ORDERED that Defendants' Motion to Dismiss Transco and Solutions as parties under FRCP 12(b)(6) is GRANTED and Plaintiffs' Motion to Remand is DENIED. It is further ORDERED that certification of the Plaintiffs' putative class is DENIED under FRCP 23.